The Pittsburgh, Fort Wayne and Chicago Railway Co. v. Vining's Adm'r.

The Pittsburgh, Fort Wayne and Chicago Railway Company v. Vining's Administrator.

Injury to Child.—Negligence.—In a complaint for an injury to a child of tender years, it is sufficient to aver that the injury happened without the fault of the parents, with whom the child resided.

Same.—If the fault or neglect of the parents, or other persons having the custody of the child, causes or contributes to the injury, no action will lie, unless the injury be willful.

Same.—The unnecessary exposure to known danger of a child incapable of exercising the care and judgment of mature years, is an act of negligence sufficient to defeat a recovery, unless the injury be willful.

Same.—Parent or Guardian Must Sue.—Under section 27 of the code, an action for damages for causing the death of a child must be brought by the father, or in case of his death or desertion of his family, by the mother, or by the guardian for his ward.

Same.—If there be no father or mother or guardian, then an administrator may sue, under section 784 of the code. And, in either event, the limitation of the action, the amount of recovery, and the distribution thereof, will be governed by the provisions of section 784.

Same.—The word "child," as used in section 27, is not equivalent to the word minor, but must be limited to persons under age who are dependent for support, protection, &c., upon their parents. It would not include one who, though a minor, had assumed the responsibilities of the head of a family.

APPEAL from the *Allen* Circuit Court.

Ray, J.—The appellee filed his complaint as follows, in the *Allen* Circuit Court: "The plaintiff, as administrator of *Alexander Vining*, deceased, complains of said defendant and says, that on the 3d day of *July*, 1863, the said *Alexander Vining*, then being an infant of seven years of age, and without the fault or neglect of his parents, with whom he then resided, was casually upon the railway track of the defendant, at a public crossing or highway over said track, in *Allen* county, *Indiana;* that said defendant was then running a locomotive and train of cars over and along said track, and the plaintiff avers, that while said *Alexander* was upon said track, at said public crossing as aforesaid, he could

be distinguished by the agents and servants of said defendant, then running said locomotive and train, for a distance of more than half a mile from said crossing, within which distance said locomotive and train could have been stopped, yet the defendant wrongfully, negligently and carelessly, without giving any warning, or in any way attempting to stop said train, and while said child might have been, and was, seen by the defendant's servants then running said locomotive and train, ran the said locomotive and train against and over the said child, and thereby so injured and maimed said child that it died thereof," &c.

The appellant demurred to the complaint on the grounds, first, that it did not state facts sufficient to constitute a cause of action; second, that the plaintiff had not the legal capacity to sue as administrator of an infant; and, third, that there was a defect of parties plaintiff in this, that the right of action was in *Vining*, the father of the infant, and not in the administrator. It is objected that the complaint does not aver that the child was not guilty of negligence. It does aver that he was on the track without the fault or negligence of his parents, with whom he resided. If a child of that tender age were wrongfully upon the track, so as to fasten the charge of negligence upon either the child or the parents, while, as a question of fact, the neglect would be that of the parents, the law would impute it to the child. Where an infant of tender years is unnecessarily exposed to danger which it has not the judgment to avoid, the neglect must, in fact, be the omission of the person having the child in custody, in thus exposing it. We think, therefore, that the allegation being matter of fact, and not of law, it was proper that the averment should be made as to the custodians of the child, rather than as to the infant itself. This position seems to us to be fully sustained by the authorities.

In the case of *Holly* v. *The Boston Gaslight Co.*, 8 Gray 123, an action was brought by an infant of nine years of age, by her father and next friend, for personal injury occasioned to her by the escape of gas, while she was of right

in her father's dwelling house. Upon the question of negligence, this language occurs in the opinion of the court: "Nor does it make any difference that the plaintiff is a minor. She was under the care of her father, who had the custody of her person, and was responsible for her safety. It was his duty to watch over her, guard her from danger, and provide for her welfare, and it was hers to submit to his government and control. She was entitled to the benefit of his superintendence and protection, and was consequently subject to any disadvantages resulting from the exercise of that parental authority which it was both his right and duty to exert. Any want of ordinary care, therefore, on his part, is attributable to her, in the same degree as if she were acting wholly for herself." The same ruling was made in *Wright* v. *The Malden and Melrose R. R. Co.*, 4 Allen 283.

The rule that the plaintiff is not required to show any higher degree of care on his part than could reasonably be expected from such a person, announced in *Lynch* v. *Nurdin*, 1 Q. B. 29, and which was questioned in *Lygo* v. *Newbold*, 9 Exch. 302, does not seem to be followed in the later cases in *England*. *Waite* v. *The North Eastern Railway Co.*, 96 Eng. Com. L. 719; *Singleton* v. *The Eastern Counties Railway Co.*, 97 Eng. Com. L. 287. In the case of *Hughes* v. *Macfie*, 2 Hurls. & Colt. 744, it appeared that there was a public street in *Liverpool*, over the whole of which, from fence to fence, the public had the right of way, subject to the existence of certain cellars. On one side of the street was a foot path, on the other side no foot path, but the cellars alluded to, which made that side less commodious as a way. Still the public had the right to pass there. The defendant, who was the occupant of a house and cellar on this latter side, took off the flop, or cover, of his cellar and placed it against the wall on the same side, nearly upright, so that it could easily be pulled over. *Hughes*, the plaintiff, a child of five years of age, by playing on it and jumping from it, pulled it over on him and was hurt severely. The court say: "Had he been an adult, it is clear he could have main-

tained no action. He would have voluntarily meddled, for no lawful purpose, with that which, if left alone, could not have hurt him. He would therefore, at all events, have contributed by his own negligence to his damage. We think the fact of the plaintiff being of tender years makes no difference." In the late case of *Mangan* v. *Atterton*, Law R. Ex. Vol. 1, 239, where the defendant exposed in a public place for sale, unfenced and without superintendence, a machine which might be set in motion by any passer by, and which was dangerous when in motion, the plaintiff, a boy four years old, by the direction of his brother, seven years old, placed his fingers within the machine, while another boy was turning the handle which moved it, and his fingers were crushed. It was held that the plaintiff could not maintain any action for the injury. BRAMWELL, B., said: "The defendant is no more liable than if he had exposed goods colored with a poisonous paint, and the child had sucked them. It may seem a harsh way of putting it, but suppose this machine had been of a very delicate construction, and had been injured by the child's fingers, would not the child, in spite of his tender years, have been liable to an action as a *tort feasor?* "

The doctrine of *Lynch* v. *Nurdin*, supra, has been followed to some extent, however, by the courts of *Connecticut*, *Vermont* and *Pennsylvania*. In *New York*, however, the same rule is recognized as in *Massachusetts*. In *Hartfield* v. *Roper*, *et al.*, 21 Wend. 615, it was held "that although the child, by reason of his tender age, be incapable of using that ordinary care which is required of a discreet and prudent person, the want of such care on the part of the parents and guardians of the child furnishes the same answer to an action by the child, as would its omission on the part of the plaintiff in an action by an adult." It seems to us that the unnecessary exposure to known danger of a child incapable of exercising the care and judgment of mature years, is in itself an act of negligence on the part of the parent sufficient to defeat a recovery, unless the injury be

willful. The demurrer assigning for cause the insufficiency of the facts stated in the complaint was, we think, properly overruled, the complaint expressly denying such neglect.

The next question is as to the right of action, whether it is given by statute to the parent or to the administrator. This question was decided by this court in the case of the *Ohio, &c., R. R. Co.* v. *Tindall,* 13 Ind. 366, where it was held that section 27, 2 G. & H. p. 56, confined the right of action to the parent, where the injury occurred to a minor, and that section 784, *id.*, p. 330, authorized the action by the administrator in case of an adult. As in this case the right of action did not exist at common law, but is of special statutory origin, and as the purpose of the statute can be accomplished by the construction adopted, we are not disposed to hold that in case of the death of an infant one right of action may exist in the parent, and another in the administrator. The danger that in both actions the recovery would be, in point of fact, for the same damage, is sufficient to deter the court from placing such a construction upon the statute, unless the intent of the legislature to confer such a right more clearly appeared. The demurrer for this cause should have been sustained. As this ruling results in a reversal of the case, we deem it better not to anticipate the action of any subsequent jury, in a suit properly brought, by an examination of the sufficiency of the evidence introduced on the trial below.

The judgment is reversed, with costs.

### ON PETITION FOR A REHEARING.

RAY, J.—Upon the filing of a petition for a rehearing in this case, we have for the first time been favored with an argument by the appellee. After a careful reconsideration of the questions ruled, we adhere to the conclusions heretofore announced. We have thought it proper, however, in view of the full discussion with which the present application has been accompanied, to state somewhat more in de-

tail, the reasons which have controlled us in the decision of one of the questions passed upon. The 27th and 784th sections of the code are directed to one common object, that is, to provide a statutory action for injuries or death resulting to one from the wrongful act or omission of another. The two sections must therefore be construed together, and, as far as possible, effect must be given to the provisions of each. A special regulation for a certain class of cases will take that class out of the general terms used in either section. With this qualification, the general provisions of the two sections must be regarded as applicable to cases coming within the language of either section. *Williams* v. *Pritchard*, 4 Term R. 2. The principle which controlled the decision of the court in *Blain* v. *Bailey*, 25 Ind. 105, applies still more clearly to this case. Thus, the 27th section provides by whom an action for such wrongful act or omission shall be instituted, but the provisions of that section are in terms limited to a case where the result of such act or omission is the injury or death of a child. So far, then, it is exclusive of the provisions of the 784th section, for that section is general in its terms, and its provisions on the subject of the person who shall bring the action cannot, therefore, be applied to a class of cases where special legislation has been had in conflict with the more general language of the latter section. The provision that the personal representatives may maintain an action, if the deceased could have maintained one, if the injury had not caused death, has been heretofore ruled to be applicable to the cause of action, and not to the person bringing it. In other words, an action may be sustained where the deceased, had he lived, would not have been prevented from recovering by reason of his own want of care. *The Jeffersonville R. R. Co.* v. *Swayne's Adm'r*, 26 Ind. 477. There are, however, general provisions which apply to cases coming within the terms of either section. Thus, where the wrongful act or omission causes death, whether the deceased was a child or of full age, the action must be commenced

within two years, the recovery cannot exceed $5,000, and it must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.

So, also, although by the provisions of the 27th section, the action for the death of a child must be brought by the father, or in case of his death or desertion of his family, or imprisonment, by the mother, or by the guardian for his ward, it seems clear to us that where there was neither father, mother nor guardian, the case not being specially provided for, would then come within the provisions of the 784th section, and the administrator would be the proper person to sue.

The word child, as employed in the 27th section, is not to be construed as equivalent to the word minor, but we think is limited in its application to one who occupies the position of a child to a parent, as depending upon him for protection, support and education, and cannot be held to include one who, although a minor, has assumed the relations and responsibility devolving upon the head of a family. *Webster* says, the word "is applied to infants from their birth, but that the time when they cease ordinarily to be so called is not defined by custom." We think it is intended by the statute that the position occupied by the person should determine the question, rather than the age alone.

In the case under consideration, it appears by the complaint that the action should have been prosecuted by the father, as father, and not as administrator.

In overruling the petition for a rehearing, we regard it as proper to state, that upon the original consideration of the case a majority of the court were of opinion that the judgment should be reversed upon the additional ground that the finding was not sustained by the evidence. In deference to a doubt then expressed by one of the judges, the reversal was placed in the opinion upon the sole ground on which we stood together. A fuller consideration has satisfied us all that the child for whose death the action was brought

was unnecessarily exposed by his parents to the danger which caused his death, and against which his judgment was too immature to afford him protection. Under such circumstances, to sustain the action, the evidence must have shown such recklessness on the part of the appellant as would imply a willingness to inflict the injury. This, the proof did not establish.

The petition is overruled.

*R. Brackenridge, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellant.

*J. L. Worden, J. Morris* and *J. N. Fay*, for appellee.