The Lafayette and Indianapolis Railroad Company v. Huffman.

———————•———————

THE LAFAYETTE AND INDIANAPOLIS RAILROAD COMPANY *v.* HUFFMAN.

RAILROADS.—NEGLIGENCE.—INJURY TO CHILD.—If a child, under the age of five years, while playing upon the track of a railroad company, at a point near the home of such child, receives injuries from a passing locomotive, the fact that such child is thus upon the track, unexplained, is an act of negligence on the part of those having him in custody, and damages for injuries thus received cannot be recovered, unless defendant's conduct was so negligent as to amount to a willingness to inflict the injury.

SAME.—When the question is one of simple negligence, there is no distinction between the case of a child unnecessarily exposed and that of a grown person, but where the question is one of gross neglect or willful misconduct, the rules applicable to the two cases are different.

SAME.—WANTONNESS.—When the charge is that the defendant, in a "careless and wanton" manner, ran said locomotive, &c., the word "wanton" does not mean "willful," and adds no force to the charge that the act was done in a "careless" manner.

SAME.—It is not necessary that the negligence of the plaintiff should have "brought" the injury upon himself, if it directly contributed to that result he cannot recover, where the defendant is only charged with want of ordinary prudence.

APPEAL from the *Marion* Common Pleas.

RAY, J.—*Huffman* filed his complaint alleging " that the railroad company, defendant, on the — day of *April*, 1865, was running her locomotive and tender on the *Union* track in *Indianapolis*, through thickly populated parts of said city, where persons and children of tender age were frequently passing and repassing across and upon said track, of right, and where children of tender years were frequently known by the employees of said company to be found, requiring the utmost care on the part of those running and managing such locomotive to avoid injury to such persons and children.

" That the plaintiff is a child of tender years, being under the age of five years, and had not prudence and foresight to avoid or apprehend the danger from the movement of such objects, nor to be on the lookout for them.

" That said plaintiff was, on the day aforesaid, by accident, with other children, playing near and on said track at a point near his home, and said defendant then and there, in a careless and wanton manner, ran said locomotive and tender upon plaintiff and over his legs, crushing the same so that amputation became and was necessary, and his said crushed limb was amputated, whereby he became and is maimed and a cripple for life, said plaintiff not being old enough to exercise prudence or foresight or forethought, or to apprehend danger. Said plaintiff has also suffered great pain, all to the damage of plaintiff," &c.

Valentine Huffman, father, consents to appear as next friend of plaintiff.

A demurrer to this complaint was overruled. It was held, in the case of *The Pittsburgh, Ft. Wayne and Chicago Railway Co.* v. *Vining's Adm'r*, 27 Ind. 513, that " the unnecessary exposure to known danger of a child incapable of exercis-

ing the care and judgment of mature years, is in itself an act of negligence on the part of the parent sufficient to defeat a recovery, unless the injury be willful." The counsel for the appellee in this case insist that, although the question as to the sufficiency of the averment in the complaint that the injury was caused to the child without the fault of the parent was presented by demurrer, and considered in the case cited, yet, as the ruling of the court below on that point was approved, we are not to regard our decision as authority. We do not see any force in the suggestion. But whether authority or not, we are clear that the law was correctly stated, and its application to this case cannot be questioned, even upon the theory advanced.

That the plaintiff, a child under the age of five years, was, by accident, "playing near and on said track, at a point near his home," is, unexplained, an admission of negligence on the part of those having the custody of his person; and, to render the defendant liable, its conduct must have been so negligent as to amount to a willingness to inflict the injury. Is this charged in the complaint? It is averred that the defendant, "in a careless and wanton manner, ran said locomotive," &c., "said plaintiff not being old enough to exercise prudence, or foresight or forethought, or to apprehend danger." It appears by the form of this allegation that the negligence charged against the railroad company was such, because the plaintiff was not old enough to exercise prudence.

Where the question is one of simple negligence, there is no distinction between the case of a child unnecessarily exposed and that of a person of mature years. Where the question becomes one of gross neglect or willful misconduct on the part of the defendant, the rule cannot be the same. Thus, if an engineer of a locomotive discovered a young child on the railroad track, he would be required to use greater effort to stop the train than could have been expected from him if he had discovered a grown person in

the same situation. In the latter case, he could reasonably depend more upon the judgment and presence of mind of the person on the track to save himself from danger than in the former case. But children of tender years have no right to play about and upon railroad crossings, and engineers are not required to run their trains expecting to find them so engaged. To render the defendant liable in this case, therefore, the complaint must either charge knowledge of the fact that the child was so engaged, or such neglect in keeping a lookout as would have charged the company with negligence if a person of mature judgment had been upon the track. The complaint is fatally defective. After admitting facts which show negligence of the plaintiff contributing to the injury, it charges that the defendant, in a wanton and careless manner ran said locomotive, &c. The word "wanton" does not mean willful. It is defined by *Webster* as follows: "Wandering or roving in gayety or sport;" "licentious;" "lewd;" "extravagant," &c. The word adds no force to the charge that the act was done in a careless manner. The demurrer should have been sustained to the complaint.

On the trial, the following instructions were given over the exception of the defendant:

"It was the duty of defendants, and they were bound, in the management of the engine and tender, to use such diligence and care as prudent and discreet persons should use and exercise on such occasions, having due regard to the safety of persons; and if, owing to the absence of such diligence and care, the plaintiff was injured, he is entitled to recover, unless from his own negligence or want of reasonable care he brought the injury upon himself."

It was not necessary that the negligence of the plaintiff should have "brought the injury upon himself;" if it directly contributed to that result, it would have defeated the action, where the defendant was only chargeable with want of ordinary prudence.

The fifth instruction was liable to the same objection.

The jury were told that "in determining the question of care and diligence, they should look to all the circumstances attending the transaction, the place where the train was running, the speed with which it was run, as well as the conduct of the plaintiff. Was he negligently and carelessly upon the track, and, if so, was the injury the immediate result of such negligence on the part of the plaintiff?"

The court misdirected the jury as to the degree of diligence required of the defendant, in the following instruction:

"Although the plaintiff may have been in fault, if the employees of the defendant with reasonable diligence might have avoided the injury, it was their duty to have done so; and their failure to use such diligence would render the defendant liable."

Where the plaintiff is in fault, a want of reasonable diligence will not render the defendant liable.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. S. Tarkington, J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellant.

*J. L. Ketcham*, for appellee.