## The Jeffersonville, Madison, and Indianapolis Rail-road Co. v. Bowen.

Bill of Exceptions.—*Amendment of.*—After a bill of exceptions has been signed and filed, it is competent for the court, on notice and motion, to order its correction by the insertion of omitted evidence.

Railroad.—*Injury to Child.*—*Negligence of Parents.*—It is negligence in a parent to permit a child between three and four years of age to be upon a railroad track where trains are frequently passing; and if the child be killed by a train of cars, the parent cannot recover damages therefor, unless such killing be done purposely or wilfully.

Supreme Court.—*Rule of Decision.*—Where, after allowing for all presumptions in favor of a verdict and of the rulings of the court below, it clearly appears that the verdict is not supported by the evidence, the judgment will be reversed.

From the Jefferson Circuit Court.

*C. E. Walker, W. S. Roberts, C. Baker, O. B. Hord,* and *A. W. Hendricks,* for appellant.

*G. H. Voss, J. L. Wilson,* and *E. R. Wilson,* for appellee.

Biddle, J.—This case was once before brought to this court, and a decision had at the May term, 1874. 40 Ind. 545.

The complaint of the appellee alleges that the appellant killed his son, aged five years, by wrongfully running a train of cars over his body, along a public street in the city of Madison. A demurrer to the complaint was overruled. We need not notice this ruling any further than to say that the complaint is substantially the same as that which was held good in the former decision above cited. There was, therefore, no error in overruling the demurrer. In this trial there was no issue formed except by the general denial. A trial by jury was had; verdict and judgment for the appellee, with such steps by the appellant as to properly bring the case to this court.

The judgment was rendered on the 13th day of June, 1873. Sixty days were allowed within which to file a bill of exceptions. The bill of exceptions was filed July 31st, 1873, from which it seems the testimony of Daniel Dickey, a witness called by the appellee, and also an ordinance passed by the

city of Madison, introduced as evidence by the appellee, were omitted. On the 21st day of August, 1873, the appellant served notice on the appellee that she would, at the next term of the court, in September, move to correct the bill of exceptions. The appellee appeared to this motion, contested the matter, and the court, on the 12th day of September, 1873, caused the testimony of Dickey and the ordinance mentioned to be made a part of the bill of exceptions. The transcript of the record was filed in this court October 28th, 1873. On the 26th day of November, 1873, the appellee, in this court, moved to strike from the record the proceedings had to correct the bill of exceptions, as above stated, which motion is over-- ruled. It is clear that the testimony of Dickey and the ordi- nance were introduced to the jury as evidence, and there is some evidence tending to show that this evidence was omitted, in the general bill of exceptions, on account of the notes of Dickey's evidence being in possession of appellee's attorneys. We think the court very properly corrected the bill of excep- tions.

The instructions asked by the appellant, numbered 4 and 7, and refused by the court, correctly express the law gov- erning the case; but we find that the court afterward, in instruction numbered 9, of its own motion, properly instructed the jury in words of similar import to the instruc- tions refused. There is nothing in this point, therefore, of which the appellee has a right to complain.

The sufficiency of the evidence to sustain the verdict is the only remaining question to decide. We have read it carefully, and considered it in every view, and have held it long under advise- ment. It is not substantially different from that given on the former trial, and need not, therefore, be re-stated in this opinion, as reference may be had to the decision above cited. It may be added that it shows the child to have been but three years and eight months old at the time of its death. We held, and still hold on full consideration, that, where a parent, asking com- pensation for the injury, allows his child, of such tender years, immature judgment, and bodily helplessness, to go into danger

unattended, it is contributory negligence on his part, and he cannot recover, unless the killing was purposely or wilfully done. The question is, then, does the evidence establish such a killing? Allowing for all the presumptions in favor of a verdict, and also in favor of the rulings of the court below, we cannot think that it does. To us it seems that there is scarcely even slight negligence proved against the appellant. We very much dislike to reverse a case the second time for the same cause, especially as the point is one of fact and not of law, but our reluctance must yield to the sense of duty.

The judgment is reversed; cause remanded, with instructions to grant a new trial, and for further proceedings.