No. 1,122.

## The Terre Haute Street Railway Company *v.* Tappenbeck.

Contributory Negligence.—*Action by Parent for Death of Child.*—*When Child is a Sui Juris.*—*Complaint, Sufficiency of.*—*Law and Fact.*—*Care.*—*Presumption.*—In an action by a father for damages for the death of his child which was nine years of age, the general averment in the complaint that the parents were free from contributory fault does not include the averment that the child was also free from contributing thereto; and in the complaint, in such case, it was necessary to aver that the injury from which the child's death resulted was not caused by any fault on its part; for it can not be conclusively presumed as a matter of law, of a child of such age, that it is incapable of contributory negligence, and as some degree of care may be required of a child of such age, the degree of care in a given case is a question of fact for the jury.

From the Vigo Circuit Court.

*S. B. Davis, J. C. Robinson* and *S. M. Reynolds,* for appellant.

*W. H. Soale, S. R. Hamill* and *I. N. Pierce,* for appellee.

Davis, C. J.—This was an action instituted by appellee to recover damages for the death of his son "one William Tappenbeck, a minor, under the age of twenty-one years, to wit, of the age of nine years," which was caused, as alleged, by reason of the negligence of appellant, "without the fault or negligence of this plaintiff or the parents of him, the said William."

There is no averment in the complaint that said William was without fault or negligence on his part. Neither are facts stated therein showing that he was not guilty of any negligence at the time of the accident.

The appellee recovered judgment in the court below.

The first question discussed by counsel for appellant

in this court brings in review the action of the trial court in overruling the demurrer to the complaint.

The objection urged against the complaint is that it fails to aver, as before suggested, that the injury and death of appellee's son was not contributed to by the negligence of the deceased.

The general rule in relation to the effect of contributory negligence on the parent or child in such cases is stated by Messrs. Shearman and Redfield, as follows:

"When a parent or master sues, for his own benefit, to recover damages for the technical loss of service caused to him by the injury of a child or servant, the contributory negligence of the actual plaintiff, or his agent, is, of course, a good defense, and in such an action any contributory negligence of the child or servant which would suffice to bar an action brought in his name, will also preclude a recovery by the parent or master." Section 71, Shear. & Red. on Law of Neg. (4th ed).

The general rule in this State is that in an action to recover damages on account of the death of one caused by the negligence of another it is incumbent on the plaintiff to aver and prove that the intestate was without contributory fault on his part. *Pennsylvania Co.* v. *O'Shaughnessy, Admr.*, 122 Ind. 588; *Lyons* v. *Terre Haute, etc., R. R. Co.*, 101 Ind. 419; *Cincinnati, etc., R. W. Co.* v. *Hiltzhauer*, 99 Ind. 486; *Williams* v. *Moray*, 74 Ind. 25; *Louisville, etc., R. W. Co.* v. *Boland*, 53 Ind. 398; *Pennsylvania Co.* v. *Gallentine*, 77 Ind. 322.

Does the foregoing rule apply to this class of cases?

In this connection it is necessary to consider what infants are *non sui juris*.

Mr. Beach says:

"Infants, also, it may be said, in general, belong to this class, but not all infants, very evidently. It is a

question of capacity, and it has been found a very diffi-
cult question, and has been, in many courts, a very fruit-
ful source of controversy, as to what age is sufficient to
constitute an infant *sui juris.*   Unless the child is ex-
ceedingly young it is usually left to the jury to deter-
mine the measure of care required of the particular child
in the actual circumstances of the case.   Where there is
no doubt as to the capacity of the child, at one extreme
or the other, to avoid danger, the court will decide it as
a matter of law.   Thus, courts have held, as a matter of
law, children of various ages from one year and five
months to seven years *non sui juris.''*   Section 117,
Beach on Cont. Neg. (2d ed.); section 73, Shear. and
Red. on Cont. Neg.   See, also, *Central Trust Co.* v.
*Wabash, etc., R. W. Co.,* 31 Fed. Rep. 246; *O'Flaherty* v.
*Union R. W. Co.,* 45 Mo. 70; *Mangam* v. *Brooklyn R. R.
Co.,* 38 N. Y. 455; *Pittsburgh, etc., R. W. Co.* v. *Caldwell,*
74 Pa. St. 421; *North Pa. R. R. Co.* v. *Mahoney,* 57 Pa.
St. 187; *McGarry* v. *Loomis,* 63 N. Y. 104; *Lehman* v. *City
of Brooklyn,* 29 Barb. 234; *McLain* v. *Van Zandt,* 7 J. &
S. (N. Y.) 347; *Gavin* v. *City of Chicago,* 97 Ill. 66;
*Bay Shore R. R. Co.* v. *Harris,* 67 Ala. 6.

In this State it is held necessary, in actions in behalf
of infants of tender years to recover damages on account
of injuries sustained by them through the negligence of
another, to aver that there was no negligence contribut-
ing thereto on the part of the infant who prosecutes such
suit.   *Higgins* v. *Jeffersonville, etc., R. R. Co.,* 52 Ind.
110; *Hathaway* v. *Toledo, etc., R. W. Co.,* 46 Ind. 25.

These decisions are based on the proposition that when
a child is so young as not to be *sui juris* the negligence
of his custodians is to be imputed to the child, and,
therefore, the general averment, in such cases, that the
injured child was without fault is sufficient to negative
the imputed negligence of the parent or custodian.   See

section 74, Shear. and Red., *supra;* sections 116, 118, 119, and 122, Beach, *supra.*

It is now settled by the overwhelming weight of authority, that a child is held, so far as he is personally concerned, only to the exercise of such degree of care and discretion as is reasonably to be expected from children of his age. Section 73, Shear. and Red., *supra; Indianapolis, etc., R. W. Co.* v. *Pitzer,* 109 Ind. 179.

In the following cases in our own State, which were actions prosecuted by fathers for damages on account of the death of their children ranging in ages from two years to seven years and two months, caused by the negligence of others, it was held that it was not necessary to aver that the child was free from fault. *Jeffersonville, etc., R. R. Co.* v. *Bowen,* 49 Ind. 154; *Evansville, etc., R. R. Co.* v. *Wolf,* 59 Ind. 89; *Pittsburgh, etc., R. W. Co.* v. *Vining's Admr.,* 27 Ind. 513; *Indianapolis, etc., R. W. Co.* v. *Pitzer, supra.*

Whether the rule referred to imputing the negligence of the parent to the child in actions prosecuted for and in behalf of the child is a just or unjust rule, and whether it is supported or condemned by the weight of authority, we are not required in this action to determine.

The question which confronts us is, whether an action by a father for damages sustained by him on account of the death of a son of the age of nine years, caused by the negligence of another, the general averment that the parents were free from contributory fault includes the averment that the child was also free from fault contributing thereto.

A great many cases support the proposition that a boy nine years of age, when it does not appear that he was in any respect deficient or incompetent, is *sui juris,* and is bound to exercise that degree of care which can rea-

sonably be expected of one of his age; that it is error in such case to hold as matter of law that he is *non sui juris;* that the jury must be allowed in such case to pass upon the question of contributory negligence, and that in so doing the age of the boy, with all the circumstances of the case, should be considered by them. *Jones* v. *Utica, etc., R. R. Co.,* 36 Hun, 115; *Ryan* v. *New York Cent. R. R. Co.,* 37 Hun, 186; *Gillespie* v. *McGowan,* 100 Pa. St. 144; *McMahon* v. *Mayor of New York,* 33 N. Y. 642; *Twist* v. *Winona, etc., R. R. Co.,* 39 Minn. 164; *Messenger* v. *Dennie,* 141 Mass. 335.

In *Twist* v. *Winona, supra,* the court says:    "The law very properly holds that a child of such tender years as to be incapable of exercising judgment and discretion can not be charged with contributory negligence; but this principle can not be applied as a rule of law to all children, without regard to their age or mental capacity. Children may be liable for their torts or punished for their crimes, and they may be guilty of negligence as well as adults. The law very humanely does not require the same degree of care on the part of a child as a person of mature years, but he is responsible for the exercise of such care and vigilance as may reasonably be expected of one of his age and capacity; and the want of that degree of care is negligence. The fact that he may not have the mature judgment of an adult will not excuse a child from exercising the degree of judgment and discretion which he possesses or for disregarding the warnings and orders of his seniors, and heedlessly rushing into known danger."

The rule that in actions by infants to recover damages for personal injuries it is not necessary to aver in direct or express terms that the parents or custodians were free from contributory fault, can not be invoked in support of the proposition that it is not necessary in an action by

The Terre Haute Street Railway Company *v.* Tappenbeck.

the father to recover damages on account of the death of his son nine years of age, to aver in the complaint, that such child was so injured without fault on his part.

Neither is the rule of pleading in the cases cited, in which actions have been prosecuted by fathers for injuries sustained by children of tender years, in point in this case. The distinction between infants who are presumed to be *non sui juris* and those who are presumed to be *sui juris* grows out of the question of capacity. In those cases where, by reason of the tender years of the child, the courts can say, as a matter of law, that the injured child was *non sui juris*, it is not necessary in an action by the parent to either aver or prove that the child was without fault, but in those cases where the child has reached the age at which it can not be conclusively presumed that he was not capable of negligence, then it is necessary, under our practice, to aver in such action that the child was without fault contributing to his injury, or to state such facts as will reasonably justify such an inference. Some degree of care may, in our opinion, be justly required from a boy nine years of age. What this degree of care may be in a given case, is a question of fact for the jury. Whether the legal presumption that a child of seven years is incapable of negligence is founded in reason, we need not inquire. Just at what age the transition from *non sui juris* to *sui juris* is presumed by the law to take place, we shall not attempt to determine in this case.

Suffice it to say, that, in our opinion, a boy nine years of age can not be conclusively presumed, as a matter of law, to be incapable of contributory negligence. Therefore, in the light of the authorities cited, and for the reasons hereinbefore given, we are of the opinion, under the rule of pleading in relation to contributory negligence, which prevails in Indiana, it was necessary, in this

case, to aver that the injury from which his death re-
sulted was not caused by any fault on his part.

In view of this conclusion it is not necessary to con-
sider any other question in the case.

Judgment reversed, with instructions to sustain the
demurrer to the complaint, with leave to amend, if de-
sired, and for further proceedings not inconsistent with
this opinion.

Filed Mar. 15, 1894.