Davis, J.
A judgment on a special verdict returned by the jury was rendered for $3,500 against the appellant.
This appeal is prosecuted for an alleged error of the trial court in overruling appellant’s motion for judgment in its favor on the special verdict. Cross-errors *656 liave been assigned by appellee, bringing in review the action of the trial court in overruling appellee’s motion for a venire de novo, and also for a new trial.
The verdict is set out in full as follows:
"We, the jury, find the following special verdict in the above entitled cause:
"We find that the defendant, the Louisville, New Albany and Chicago Railway Company, is, and prior to the 12th day of April, 1891, and at that time was, a corporation duly organized under the laws of the State of Indiana, and, as such was, operating a line of railroad from Louisville, in the State of Kentucky, to Chicago, in the State of Illinois; that said line of road is located and runs through the corporate limits of the city of Lafayette, in Tippecanoe county, in the State of Indiana, and along on Fifth street, in said city, occupying a track located about the center of said street, the ties of which are eight feet long; the distance between the rails on the inside was four feet, eight inches and a half; that the box and platform cars used at that time on freight trains on said railroad were from eight feet four inches to eight feet eight inches wide; that said street was sixty feet wide from the property line on one side to the property line on the other, and was forty feet wide between the sidewalks; that said street and sidewalks were in constant use by the inhabitants of said city and the public generally; that said Fifth street was an improved street and in good condition in all parts of it, except the dirt piles and holes hereinafter mentioned, on the 12th day of April, 1891, and was at that time in a populous and thickly-settled portion of the city of Lafayette, and in the corporate limits thereof; that on the 12th day of April, 1891, and for years prior thereto, and ever since, there has been in force in said city of Lafayette a valid ordinance of said city limiting the rate of speed of all *657 railroad trains to six miles per hour; that some five days prior to the 12th day of April, 1891, said defendant company, for the purpose of removing old ties from its roadbed in said Fifth, street, and replacing them with new ones at a point on said road about 150 feet north of Romig street in said city, and extending north about thirty feet, put some of the dirt on the east side and outside of the track of said company’s road in a continuous pile about thirty feet long, the base of which, next to the track, was about one foot outside of the ends of the ties and outside of that part of the street used by the railroad, and in the part of the street used by the public, which pile extended north and south along said track, and was twenty inches high, and holes were left where said dirt had been taken out at the sides and ends of the ties and so remained for five days and until after the plaintiff was injured as hereinafter shown; that the new ties were put in and the dirt left in said piles prior to the 12th day of April, 1891, as aforesaid, and that said dirt might have reasonably been put back and the holes filled, and any obstruction to the street thereby removed from time to time as the new ties were put in; that George Sears, the plaintiff in this suit, was born on the 22d day of April, 1883, and at the time of the injury to him, hereinafter set forth, was seven years, ten months and twenty days old, and resided with his parents at the southeast corner of Romig and Fifth streets, in said city of Lafayette; that he was a boy of ordinary intelligence for his age, and prior to the time of said injury had been accustomed to go on the streets of the city of Lafayette unattended, going to and from school, going on errands and playing upon the streets, particularly Romig and Fifth streets near his father’s residence; that on Sunday, April 12, 1891, at about 7:30 A. m., said George Sears, with three *658 other boys near his age, was playing at a game called by them ‘stink-base,’ two of the boys having their base on the north side and two on the south side of Romig street, which street crosses Fifth street, running east and west, and said Fifth street runs north and south through said city;sthat on said 12th day of April, 1891, at about 7:30 o’clock in the forenoon, a freight train on said defendant’s said road, owned and operated by the defendant, running from three or four squares south of Romig street in said city of Lafayette to said Romig street, crossed the same on said Fifth street, and ran along said Fifth street, going north in the corporate limits of said city, and past said pile of dirt situated on Fifth street as above found, said train then running at a rate of speed exceeding six miles per hour, to wit, at the rate of eight miles per hour; that the train consisted of a locomotive and twenty-five box cars; that while said tralin was passing Romigstreet, and after two or three cars had passed, the plaintiff started to run, and did run north on said Fifth street, and in the same direction in which the cars were running, and one of the other boys ran after him for a short distance and stopped; that said plaintiff continued running, believing that one of the boys was running after him, and while so running, stepped oh said pile of dirt at a place where it was twenty inches high, and the dirt gave way, causing said plaintiff to slip and fall, and slide down said pile of dirt toward and under said moving train, which was then running opposite the place where said boy fell, and some of the cars, including the caboose at the south end thereof, ran over said plaintiff, and both his legs were so mangled and crushed by said train that it was necessary to amputate both legs at four inches below the knees, which was on said day accordingly done, the. operation' being performed by Dr. George F. Beasley, the defendant company’s surgeon, assisted by *659 Dr. Potel, both reputable and competent physicians and surgeons; that by reason of said injury and wounds, the plaintiff has suffered great bodily and mental pain, and continues to suffer pain, and is maimed and crippled for life; that said plaintiff, at the time of his injury, was of sufficient age and capacity to exercise reasonable care in his own behalf, and that his parents were not without fault in permitting him to go abroad on the streets of said city unattended; that while said pile of dirt upon which plaintiff so stepped, and which gave way with him as stated, was apparent, and was an obstruction on said street, and in fact dangerous by reason of its liability to cause persons to stumble over the same, or of giving way, and thereby throwing persons down, still such danger was not so apparent as that it would be reasonably foreseen by a boy of the age, experience, and capacity of the plaintiff under the circumstances in which he was placed at the time he so stepped on said pile, and said danger was not in fact then and there apparent to plaintiff, and the plaintiff, in so running along said street, and stepping on said pile of dirt, which so gave way with him, and caused him to fall and slide under said moving train, was in the exercise of ordinary care considering his age, intelligence and the other facts herein found.
‘.‘We further find that the length of time said defendant allowed said street to remain obstructed by said pile of dirt, and said holes as herein found, was an unreasonable length of time.
“If upon the foregoing facts the court is of the opinion that the law is with the plaintiff, then we find for the plaintiff, and assess his damages at $3,500.
“If, however, the court is of the opinion that the law is with the defendant, then we find for the defendant.”
It is earnestly contended by counsel for appellant that *660 the verdict of the jury is not sufficient to sustain the judgment in behalf of appellee, because there is no finding of facts therein showing that his injuries were sustained without any fault on the part of his parents contributing thereto. It is necessary to consider, in this connection, the question whether the appellee, under the facts and circumstances disclosed by the verdict, was sui juris or non sui juris. In other words, whether the doctrine of imputed negligence has any application in this case.
If the appellee was non sui juris, the negligence of his custodian is to be imputed to the child, and, therefore, the general averment in such cases that the injured child was without fault is sufficient to negative the imputed negligence of the parent or custodian. Terre Haute Street R. W. Co. v. Tappenbeck, 9 Ind. App. 422.
It is necessary, however, in such cases—when the child lacks capacity to exercise care for himself—to establish on the trial that the parent was without fault.
If, therefore, it was essential to a recovery in behalf of appellee that the verdict should contain a finding of facts showing that his parents were in the exercise of due and ordinary care on this occasion, it might be a. serious question whether the verdict could stand, because the particular facts in relation to the acts or knowledge of the parents concerning the situation of the child and the care exercised by them, are not specifically found. It does not clearly appear, for instance, whether they knew, prior to the injury, of the alleged negligence of appellant in leaving the dirt in the street, or whether appellee was, on this occasion, playing in the street in the vicinity of the pile of dirt with their knowledge or consent, or what instructions, if any, they had given him with reference to the care he should exercise when in the street.
It is true there is a finding “that his parents were not *661 without fault in permitting him to go abroad in the streets of said city unattended,” but this is simply a conclusion, and not a fact. In any event the finding only imputes negligence to the parents respecting his being in the streets unattended, and is silent respecting the particular occasion in question. If all the facts and circumstances relative to their knowledge and acts were found in the verdict in connection with the age and capacity of appellee, and the other facts and circumstances set out in the verdict, then if there was room for difference of opinion between reasonable men as to the inferences that might be fairly drawn therefrom, the question as to whether the parents exercised ordinary care under the circumstances would be one for the jury. Cincinnati, etc., R. W. Co. v. Grames, 136 Ind. 39; Kentucky and Indiana Bridge Co. v. McKinney, 9 Ind. App. 213.
All infants are not held, as a matter of law, to be non sui juris. It has been held in several cases in this State, that children ranging in ages from two years to seven years and two months are non sui juris. Citizens’ St. R. R. Co., etc., v. Stoddard, 10 Ind. App. 278, and authorities there cited.
In no case, so far as our attention has been called thereto, in this State, has the court held that a child, in excess of seven years and two months old, was, as a matter of law, non sui juris.
In Terre Haute Street R. W. Co. v. Tappenbeck, supra, we said: “A great many cases support the proposition that a boy nine years of age, where it does not appear that he was in any respect deficient or incompetent is sui juris, and is bound to exercise the degree of care which can reasonably be expected of one of his age.” In this case appellee was, when he was injured, seven years, ten months and twenty days old. Whether appellee was sui juris or non sui juris was a question of ca *662 pacity for tlie jury. Terre Haute Street R. W. Co. v. Tappenbeck, supra; Citizens’ St. R. R. Co. v. Stoddard, supra.
The jury found that appellee resided at the southeast corner of Romig and Fifth streets, near where the accident'occurred; that he was accustomed to go on the streets unattended to and from school, going errands, and playing upon the streets near his father’s residence, including the street on which said railroad was located; that he was a boy of ordinary intelligence for his age; that he was of sufficient age and capacity to exercise reasonable care in his own .behalf.
In Terre Haute, etc., R. W. Co. v. Tappenbeck, supra, we said: "Whether the rule referred to, imputing the negligence of the parent to the child, in actions prosecuted for and in behalf of the child, is a just or unjust rule, and whether it is supported or condemned by the weight of authority, we are not required in this action to determine.” See Chicago City R. Co. v. Wilcox, 50 Am. and Eng. R. Cas. 464.
In this state the rule has only been applied, so far as we are advised, in two cases, where the action was prosecuted by the child. In one case the child was under the age of five years. Lafayette, etc., R. R. Co. v. Huffman, 28 Ind. 287.
And in the other case the child was a little over five years of age. Hathaway v. Toledo, etc., R. W. Co., 46 Ind. 25.
The better rule, in the opinion of the writer, is when the action is brought by the infant, whether sui juris or non sui juris, for his own benefit, that the negligence of the parent or custodian of the child shall not be imputed to the child. Westbrook v. Mobile and Ohio R. R. Co., 14 Am. St. Rep. 587, and notes.
In a recent case, which was prosecuted by a boy eleven years of age, to recover damages which he sustained on *663 account of the negligence of a railroad company, Chief Justice Howard said: “The appellee in this case is suing for his own injury. He was himself capable of going to school across the railroad, and his parents» are not in the case, nor is it necessary that they should be.” Cleveland, etc., R. W. Co. v. Keely, 138 Ind. 600.
The rule in such cases (in the light of the decisions of. our Supreme Court, conceding without deciding that they go to the extent indicated) in our opinion is that where a child is of such tender years as to be wholly irresponsible, it should in this class of actions have imputed to it, without limit or qualification, the conduct of the parent or other person standing in loco parentis, but this is not, in our judgment, the rule of reason or law in case of a child who has capacity to exercise discretion in its own behalf. Louisville, etc., R. W. Co. v. Hirsch, 69 Miss. 126, s. c. 56 Am. & Eng. R. Cas. 291.
If we are correct in this conclusion, it was not essential to appellee’s recovery that it should affirmatively appear, in the special verdict, that his parents were in all respects in the exercise of due care on this occasion.
It is next insisted that the verdict fails to find facts showing that appellee was without fault. On the contrary, it is contended that the facts in the verdict show that he was guilty of contributory negligence.
Appellant’s counsel urge that certain parts of the verdict, in substance, and to the effect that appellee had sufficient capacity to exercise reasonable care, and that he was in the exercise of ordinary care should be eliminated. These findings can only stand as ultimate facts, drawn as inferences from the given specific facts on which they are predicated. The correct rule in this state is clearly stated by Judge Coffey in Cincinnati, etc., R. W. Co. v. Grames, supra. In this case the jury find the facts specially in relation to the age, experience, ca *664 pacity and conduct of appellee on this occasion. If it was indisputable that only one inference could be drawn from the facts, and that was the conclusion that appelwas guilty of negligence contributing, as a proximate cause, to his. injury, then-the contrary inferences drawn by the jury should be disregarded; but if there was or is room for difference of opinion between reasonable men as to the inferences which might fairly be drawn from such facts, then it was proper for the jury to determine the question of contributory negligence.
If the question of contributory negligence on the part of appellee had been submitted to us, under the circumstances disclosed, we might have reached a different conclusion, but as there is, in our opinion, room for difference of opinion between reasonable men as to the inferences which might be fairly drawn from the facts and circumstances set out in the verdict, the question as to whether appellee exercised ordinary care (such care and caution as are usually looked for in other children of like age and capacity with the appellee), was, under the authorities, we think, a question for the jury’s determination. Section 136, Beach Contrib. Neg.; Thompson Neg., vol. 2, 1180; Louisville, etc., R. R. Co. v. Hirsh, supra.
In Rauch v. Lloyd, 31 Pa. St. 358, the action was by an infant six or seven years of age. The court said: “That every case is to be determined by its own circumstances, and that children are to be held responsible only for the discretion of children, seem a self-evident proposition. * * '* If he had gone out of his track to place himself under the cars, it might be accounted rashness even in a child; but, pursuing his highway, he may well have supposed that the men who placed the cars there expected him to pass under them. Considering his age, and all the circumstances of the *665 case, we see nothing that would justify the imputation of negligence or imprudence. He acted like a child, and he is not to be judged as a man. * * * He was in the exercise of a right, in a manner not unreasonable or imprudent for a child, and they injured him by reason of having stopped where they had no right to stop.”
In Byrne v. New York Central, etc., R. R. Co., 83 N. Y. 620, which was an action brought by a minor between ten and eleven years old for injuries received at a railroad crossing, the court said: “The law is not so unreasonable as to exact from an infant the same degree of care and prudence in the presence of danger as it exacts from adults. An infant, to avoid the imputation of negligence, is bound only to exercise the degree of care which can reasonably be expected of one of its age. * * We can not within these authorities, upon the undisputed facts, say, as a matter of law, that the plaintiff—regard being had to her tender years—failed in that degree of care which the law required of her. Whether she did or not was, upon all the circumstances of this case, a question for the jury.”
Dowling v. New York Central, etc., R. R. Co., 90 N. Y. 670, was an action brought by a girl about nine years old to recover damages sustained by her on account of injuries from an engine of the company at a street crossing. The court said: “It is not disputed that there was sufficient evidence of the defendant’s negligence, but the claim is here made that there was undisputed and uncontradicted evidence of the plaintiff’s contributory negligence. We are of the opinion that, under all the circumstances, it was a question of fact for the jury to determine whether there was negligence upon the part of the plaintiff. * * * But it is well settled that the same degree of care is not required of an infant of tender years which is required of an adult. An infant, to avoid the impu *666 tation. of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age, and in passing upon the question of contributory negligence the age of the infant, with all the other circumstances in the case, is to be considered by the jury.”
In Stone v. Dry Dock, etc., R. R. Co., 115 N. Y. 104, a nonsuit was granted on the ground that an infant seven years of age was sui juris, and that the act of the child in crossing the street in front of the approaching car was negligence on her part which contributed to her death, and barred a recovery by the administrator. The court said: “We think the case should have been submitted to the jury. * * * It can not be asserted as a proposition of law that a child just passed seven years of age is sui juris, so as to be chargeable with negligence. The law does not define when a child becomes sui juris. * * * From the nature of the case it is impossible to prescribe a fixed period when a child becomes sui juris. Some children reach the point earlier than others. It depends upon many things, such as natural capacity, physical condition, training, habits of life and surroundings. These and other circumstances may enter into the question. It becomes, therefore, a question of fact for the jury where the inquiry is material unless the child is of so very tender years that the court can safely decide the fact. * * The negligence of the defendant’s driver is conceded, and it was for the jury to judge whether the conduct of the child in crossing the street to join another child engaged in roller skating on the opposite side was, characterized by any want of that degree of care which children, under similar circumstances, would usually exercise.”
In Railroad Co. v. Stout, 17 Wall., 657, the court said: “The care and caution required of a child is according to his maturity and capacity only, and this is to *667 be determined in each case by the circumstances of the case. ”
In Baker v. Flint, etc., R. R. Co., 68 Mich. 90, a boy seven years and three months old sued to recover damages for personal injuries received by him from being run over by the defendant’s train of cars. The court said: “There is no question but that it was this boy’s right to cross the railroad track at any time when he would not be injured by teams, wagons, cars, or other things going upon or -across the street; and this right is accompanied with the duty to use reasonable and at least ordinary care on the part of the child,—his age, experience and intelligence being taken into consideration with other circumstances existing at the time the accident occurred.” See, also, Indianapolis, etc., R. W. Co. v. Pitzer, 109 Ind. 179.
In actions for injuries sustained by a child, the question as to the negligence of the defendant, ordinarily, stands on the same footing as in case of an adult person, except when a child is seen by the defendant in time to avoid the injury, or when the liability of children to exposure is known by the defendant prior to the injury, then a higher degree of care is exacted of the defendant, under some circumstances, to avoid the injury. City of Indianapolis v. Emmelman, 108 Ind. 530.
But in an action by a child who is sui juris, for damages for personal injuries sustained by it on account of culpable negligence on the part of the defendant, the defendant can not escape liability solely on the ground that the child is chargeable with contributory negligence because it did not exercise the ordinary care that a reasonably prudent adult person should have exercised under similar circumstances. If a child who is sui juris exercises such ordinary care as a reasonably prudent child of the same age, experience, and capacity should have ex *668 ercised under similar circumstances, the child is not guilty of contributory negligence.
In an action by a child that is non sui juris, if the child in fact exercises the ordinary care that a reasonably prudent adult person should have exercised under similar circumstances, the negligence of the parents can not be imputed to it to defeat a recovery.
In Ihl v. Forty-Second Street, etc., R. R. Co., 47 N. Y. 317 (7 Am. Rep. 450), the court says: “If the child exercised proper care, and the injury was caused wholly by the negligence of the driver, the defendant was clearly liable without regard to the question whether it was negligent in the parents to let the child go out as it did. * * * The child was only three years and two months old and clearly within the adjudged cases in which infants have been held not sui juris or responsible for their own conduct, but only through their custodians; and this incapacity was obvious, and apparent to the driver. All the cases in which the negligence of parents or custodians of infants not sui juris is held to preclude a recovery by such infants or their representatives, necessarily assume that the conduct of the infant was such as would, in case of a person sui juris, have amounted to contributory negligence, and hold that the negligence of the parent or custodian, but not the personal conduct of the infant constitutes the bar.”
In another case the court said: “It is in cases where the child has done, or omitted something which would be regarded in an adult as negligent, that the conduct of the parents in respect to the degree of care exercised over the child becomes material and the reason is that the negligence can not be imputed to the child, except through the parents; but when the child has done no negligent act, the conduct of the parents may be regarded *669 as too remote.” McGarry v. Loomis, 63 N. Y. 104 (20 Am. Rep. 510).
If the question can be regarded as an open one in this State, under the decisions of the Supreme Court cited supra, and the decision was necessary to the determination of this case, the writer would insist that in an action by a child that is non sui juris, the child can not be charged with contributory negligence and barred from a recovery for an injury inflicted upon him through the negligence of another, because the child did not exercise reasonable care to avoid the injury.
If an action is brought by the father for the negligent injury of his child, contributory negligence on the part of the father will bar the action, and in such action the father can only recover under the same circumstance of prudence on the part of the child as would be required if the action was in behalf of the child. Sections 131 and 132, Beach Contrib. Neg.
In this case the action is brought for the benefit of the child. There is no question here as to going on the track of a- railroad crossing, catching at a ladder to steal a ride, or in any manner interfering with either the track or train. He was playing in and along the street near his home—not on the track—and was injured by stepping on a pile of dirt, which appellant had negligently' left in the street outside of the ends of the ties, for five days, which gave away, causing him to slip and fall and slide down said pile of dirt, towards and under the moving train.
We are inclined to agree with counsel for appellant that the rate of speed in excess of six miles an hour did not contribute to, and was not a proximate cause of, appellee’s injury. Western Railway of Alabama v. Mutch, 54 Am. & Eng. R. R. Cas., 107 (Supreme Court of Alabama).
*670 It is next insisted that appellee could not recover for injuries sustained by him through negligence of the company while using the street as a play ground.
In our opinion the appellee was lawfully in the street. "Nor does it matter that he was at play with other children.” McGuire v. Spence, 91 N. Y. 303; Huerzeller v. Central Cross, etc., 139 N. Y. 490; City of Indianapolis v. Emmelman, supra; Citizens’ St. R. R. Co. v. Stoddard, supra.
He was not in any sense a trespasser. He had the right,—exercising ordinary care,—to play in the street, in the manner and under the circumstances as found by the jury.
If the rule of imputable negligence was applicable in this case, it is difficult to see on what theory the court could say that it was negligence per se on the part of the parents to allow a child of ordinary intelligence to go abroad on the streets unattended.
Playing in and along the street was not, in our opinion, negligence per se on the part of either appellee or his parents.
It is apparent, we think, from the facts and circumstances disclosed in the verdict, that if there was any negligence on the part of the child contributing to his injury, such negligence does not necessarily grow out of the fact that he was playing in the street, either with or without the knowledge or consent of his parents, but it arises out of his act in running upon a pile of dirt twenty inches high and thirty feet long in the street in the immediate proximity of a moving freight train. That part of the street, at the intersection of Romig and Fifth streets in which appellee was playing at and prior to the arrival of the ‘train, was not, so far as disclosed by the finding, in any respect dangerous, except such danger as was incident to the running of trains on and along *671 the railroad. The dirt was one hundred and fifty feet north of this point. There does not appear to have been any danger in running in and along the street by the side of and with the moving train, except such danger as was created by the pile of dirt aforesaid. The fact that the pile of dirt was in the street adjacent to the railroad track was evidently apparent to appellee, but the jury expressly find that the danger of it giving away was not so apparent as to be reasonably foreseen, under the circumstances, by appellee, who, they find, was a boy of sufficient age and capacity to exercise reasonable care in his own behalf, and they find that he was in the exercise of ordinary care on this occasion.
Filed Nov. 14, 1894;
petition for a rehearing overruled Feb. 7, 1895.
In addition to the authorities hereinbefore cited on the question of contributory negligence, see, also, the following: Citizens’ Street R. R. Co. v. Spahr, 7 Ind. App. 23; Louisville, etc., R. W. Co. v. Davis, 7 Ind. App. 222; Evansville, etc., R. R. Co. v. Athon, 6 Ind. App. 295; Louisville, etc., R. W. Co. v Costello, 9 Ind. App. 462; Pittsburgh, etc., R. W. Co. v. Klitch, 11 Ind. App. 290; Chicago, etc., R. R. Co. v. Butler, 10 Ind. App. 244; section 136, Beach Contrib. Neg.
Judgment affirmed.