# CASES DETERMINED

IN THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

OCTOBER TERM, 1886.

A. B. PORTER, BY NEXT FRIEND, Respondent, v. AN-HEUSER-BUSCH BREWING ASSOCIATION, Appellant.

| 24 | 1 |
| 60 | 121 |

St. Louis Court of Appeals, December 21, 1886.

1. NEGLIGENCE—CHILDREN—DANGEROUS AND UNGUARDED MACHINERY. Persons who leave machinery in an unsafe and unguarded condition are liable for damages, in an action for negligence, for an injury caused to a child who is attracted to such machine or implement.

2. ———— FAILURE OF PROOF.—In such an action there can be no recovery without testimony tending to show that the owner, or his agents or servants, had reason to apprehend the probability of the accident.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Reversed and remanded.*

BROADHEAD & HAEUSSLER, for the appellant.

VOL. XXIV—1 (1)

A. R. TAYLOR and D. C. McGOWAN, for the re-spondent: A person, without fault on his part, sustain-ing an injury through direct contact with an obstruction on the highway, may maintain a private action for dam-ages. *Fox v. Sackett*, 10 Allen, 535; *Kessel v. Butler*, 53 N. Y. 612; 1 Thompson on Negligence, 341, with authorities therein cited. A child of tender years, or an old or infirm person, is expected to exercise no more than that degree of care due from those of his age or condition. *Boland v. Railroad*, 36 Mo. 484; *Isabel v. Railroad*, 60 Mo. 475; 1 Thompson on Negligence, 431, with authorities therein cited.

ROMBAUER, J., delivered the opinion of the court.

This is an action to recover damages for injuries to the plaintiff's person. The plaintiff was, at the date of the accident complained of, four years and five months of age. The issues made by the pleadings are as follows:

The petition alleges that Albert B. Porter, a minor, between the age of five and fourteen years, on or about the twenty-eighth day of May, 1884, was walking with due care along the sidewalk on the north side of Pestallozzi street, between Eleventh and Thirteenth streets, in the city of St. Louis; that the defendant's agents and servants were engaged at work at the same time and place at the hop storage house of the defend-ant, on the north side of said sidewalk, using a portable furnace, containing coal and cinders; that said furnace was negligently left by the defendant's servants on said sidewalk on which said Porter was walking; that it was an attraction to children to play, and that said Porter, on account of his tender age and inexperience, was attracted to said furnace, and in examining its contents upset said furnace and scattered the burning coals over his feet and legs, and was burned and permanently in-jured, etc., and suffered great pain and suffering there-from; that said injuries were caused by the carelessness

of the defendant's servants in leaving said furnace on the public highway.

The answer of the defendant specifically denied these allegations of the petition and alleged and charged the truth to be that said Porter, with other mischievous and reckless boys, against the warning and threats of those using a furnace on the defendant's premises, upset and threw over a large, heavy iron furnace, with the wicked desire of injuring the defendant and annoying those using said furnace, and that the act of said Porter and those assisting him therein was the direct cause and directly contributed to all the injuries sustained by said Porter.

The allegations of the answer were denied by reply. The trial resulted in a verdict and judgment for the plaintiff in the sum of one thousand dollars, and the defendant appealing assigns for error : (1) That the court refused to issue a venire for a special jury, as requested by the defendant. (2) That the verdict is excessive. (3) That the court refused proper instructions and gave illegal instructions to the jury.

I.   The first objection is not preserved in the motion for new trial, which dispenses with the necessity of expressing any opinion as to its merits.

II.   Where the damages can not be measured by any fixed legal standard, they are necessarily to a great extent, within the discretion of the jury. Unless the verdict is so excessive that it is the obvious result of bias or prejudice on the part of the jury it should not be disturbed. There is some evidence in this case that the injuries to the plaintiff's person were of a permanent nature, and the verdict can not be disturbed on appeal, on the ground that the weight of the testimony is the other way. The question resolves itself simply into one affecting the weight of the evidence on that particular point, and is not debatable on appeal.

III.   The defendant at the close of the plaintiff's case, and at the close of the entire testimony, demurred

to the evidence by instructions. These instructions were by the court refused. At the instance of the defendant the court gave the following instruction:

"If when the servants of the defendant in charge of the furnace in question, left the said furnace for the purpose of attending to their work, the furnace was of such weight, and in such a position that a man of ordinary prudence could not have reasonably supposed that a boy of the age and size that the plaintiff then was, would be able to upset the same, then the fact that it was left unguarded and filled with burning coals is not such negligence as would render the defendant liable in this action."

This instruction, under the facts of the case, states the law correctly. It was equivalent to a declaration that the plaintiff could not recover because there was no substantial legal evidence authorizing the jury to find the facts, even by inference, otherwise than as stated in this instruction. The jury may draw legitimate inferences from facts proved on the theory of ordinary presumptions, but can not found their verdicts on mere conjecture. It results from this that the court should either have sustained the defendant's demurrer to the evidence, or else vacated the verdict as against the law declared by itself.

It is neither averred nor shown that the implement was a nuisance in itself, or that its position on the sidewalk was unlawful, so that the cases of *Kessel v. Butler,* (53 N. Y. 612) ; *Fox v. Sackett* (10 Allen, 535), and *Weick v. Lander* (75 Ill. 93), all of which turned on the unlawfulness of the obstruction, have no application.

The plaintiff evidently seeks to recover on the theory that the owner of property may become liable to a trespassing child who is hurt because the property has been negligently left in an unguarded and unsafe condition. *Railroad v. Stout,* 17 Wall. 657 ; *Keefe v. Railroad,* 20 Minn. 207 ; *Fink v. Missouri Furnace Co.,* 10 Mo. App. 61. But it has not been held in either of these cases

that a recovery can be had against the owner, without proof that the condition of the property was the probable cause of the accident which might have been foreseen as a reasonable probability by the defendant or the defendant's servants.

In the case at bar, whether we examine the plaintiff's testimony alone, or in conjunction with the defendant's testimony, these elements seem to be wholly wanting.

The remark made by one of the plaintiff's witnesses who saw the machine, "that it was a shame to leave such a machine on the sidewalk," is relied on in argument as substantiating a controverted fact. It is not apparent on what theory such remarks are admissible at all in evidence, being evidence only of the state of the witness' mind and feelings at the time, which is immaterial to any issue in the case. The only other evidence claimed by the plaintiff as bearing upon the fact, is the testimony of a witness who saw the furnace after the accident, when it was partly emptied, and was confessedly in another position than it had been in before the accident, and who stated that in trying to tip it, it tipped easily. The defendant objected to this testimony at the time, and the court should have sustained the objection, because the testimony furnished no evidence of the fact, essential to be proved, that the defendant's servants had reasonable cause to apprehend a probable danger resulting from the condition in which they left the furnace *prior* to the accident.

Turning from the plaintiff's evidence to the *uncontradicted* facts, as they appear by the defendant's testimony, and the following appears: The furnace shortly before the accident was standing either on the sidewalk, or else partly on the sidewalk and partly in an area-way on substantially level ground. It weighed one hundred and eighty pounds when empty and two hundred and seventy pounds when filled with coal. It could not be upset except by the exercise of great force, one witness

stating that it would take two strong men to turn it over.

Surely no inference can be drawn from this testimony, that the defendant's servants could anticipate the probability of the furnace being upset by a child. Nor is there in fact any evidence that it was so upset, much less that it was accidentally upset as charged in the plaintiff's petition. From the fact that some of the coal and cinders were scattered over the sidewalk after the accident, which were not there before, the jury might legitimately infer or presume, that they were removed from the furnace in some manner, but there is a wide difference between a legitimate inference and a bare conjecture, and the inference that they were removed by the upsetting of this furnace by the plaintiff, child, when they could as well have been removed in many other ways, rests on bare conjecture.

It results that the judgment must be reversed and the cause remanded, and it is so ordered. Judge Lewis concurs. Judge Thompson concurs in the result.

THOMPSON, J., delivered a separate concurring opinion.

I concur in the result in which my brethren have arrived in this case, but not on the ground stated in the opinion delivered.

I. It stands admitted in the pleadings that the furnace was tipped over by the plaintiff, though the answer charges that it was done in connection with other wicked boys at play with him. The physical facts shown would indicate that it was tipped over, and the jury would be entitled to make the inference that the plaintiff got burned in consequence of its being tipped over. The material inquiry, then, was, how came it to be tipped over, and whether it could be tipped over so easily that the servants of the defendant, in the exercise of ordinary prudence, ought to have foreseen that it might be tipped over if left in its exposed condition on

the sidewalk. The weight and structure of the furnace were, consequently, very material subjects of inquiry, and whether it could have been very easily tipped over, was the point to which the whole inquiry tended.

II. I understand Mrs. Runge's testimony to have been to the effect that, very soon after the accident, she visited the scene of it, found the furnace standing on the sidewalk, and near the middle of the sidewalk, which, in the absence of anything to the contrary, we must take, from common knowledge, to have been, substantially, a level plane. The fire was still burning in it, and coals lay on the sidewalk, which had been thrown out of it. She took hold of the handle of it while it was in this position, to see if it would tip easily, and found that "it would tip very easy—just by putting her hand on it, and without pulling." This, however improbable, and however strongly contradicted by the defendant's witnesses, was, in my opinion, competent evidence and material to the subject of inquiry.

III. If, then, the defendant left exposed upon the sidewalk a furnace having a fire of burning coals in it that would tip over easily—by the mere act of putting one's hand on it, and if it was, as the answer admits, tipped over by the plaintiff, a boy less than five years old, although assisted by other boys, whereby the plaintiff was burned, I am clear that the plaintiff has a case for damages to go to the jury; and, therefore, I do not agree with that part of the opinion of the court which is to the effect that the case ought not to have been submitted to the jury. The fact that the negligence of other boys may have contributed, with that of the plaintiff, to produce the accident, as the answer charges, would not prevent the plaintiff from recovering; it being a rule of law that if the concurrent or successive negligence of two persons combined, results in injuring a third, he may recover damages of either or both. *Burrows v. March Gas & Coke Co.*, 2 L. R. 5 Exch. 67; s. c., L. R. 7 Exch. 96; 2 Thomp. Neg. 1070; *Eaton v.*

*Railroad*, 11 Allen, 500; *Illidge v. Goodwin*, 5 Car. &
P. 190; *Lynch v. Nurdin*, 1 Q. B. 29; *Lockhart v.
Lichtenthaler*, 46 Pa. St. 151; *McCahill v. Kip*, 2 E. D.
Smith, 413; *Peck v. Neil*, 3 McLean, 26; *Smith v. Dob-
son*, 3 Scott's N. R. 336; *Congreve v. Morgan*, 18 N. Y.
84; *Irvin v. Fowler*, 5 Robt. 482; *Ricker v. Freeman*,
50 N. H. 420; *Wheeler v. Worcester*, 10 Allen, 591;
*Chapman v. Railroad*, 19 N. Y. 341; *Colgrove v. Rail-
road*, 20 N. Y. 492; *Barrett v. Railroad*, 45 N. Y.
628; *McMahon v. Davidson*, 12 Minn. 357; *Griggs v.
Fleckenstein*, 14 Minn. 81, 93; *Philadelphia v. Weller*,
4 Brews. 24; *Carpenter v. Railroad*, 11. Abb. Pr. [N.
S.] 416. The fact that the plaintiff may have assisted
the other wicked boys, as charged in the answer, in turn-
ing over the furnace does not negative his right of re-
covery; because a boy less than five years of age is
conclusively presumed not to be capable of negligence.
*Railroad v. Huffman*, 28 Ind. 287; *Railroad v. Bowen*,
40 Ind. 545; s. c., 49 Ind. 154; *McGerry v. Loomis*, 63
N. Y. 104; *Railroad v. Caldwell*, 74 Pa. St. 421; *Chi-
cago v. Starr*, 42 Ill. 174; *Weeks v. Railroad*, 52 Cal.
602; *Railroad v. Vining*, 27 Ind. 513. This being so,
as the answer charges that the furnace was tipped over
by the plaintiff and the other wicked boys, I am not
clear that if the plaintiff had not replied, he would have
been entitled to judgment on the pleadings. At all
events, I do not see that the case ought to be withdrawn
from the jury merely because it did not appear in evi-
dence *how* or *by whom* the furnace came to be tipped
over. There are many cases where the jury must be left
to say, from what is shown or admitted, in connection
with the physical surroundings, how the accident prob-
ably happened, as where the injury resulted in death,
and no witness was present (*Buesching v. St. Louis
Gaslight Co.*, 73 Mo. 219), or where, as here, the person
receiving the injury is not capable of testifying as to
how it happened. I do not think that to submit such a

case to the jury is to leave them to speculate upon a matter as to which there is no evidence.

IV.   I think that the case was put to the jury upon carefully guarded and unexceptional instructions.

V.   But I think that the court erred in refusing to allow a witness to testify for the defendant whether, in his judgment, it would have been possible for a boy ten years of age to upset the furnace in the position where the witness saw it that day.   In many analogous cases, in actions for damages and in criminal proceedings, .opinion evidence of this kind has been held admissible. Thus, it has been held admissible to ask non-expert witnesses whether on a certain day, the weather was cold enough to freeze vegetables (*Curtis v. Railroad*, 18 Wis. 312); whether certain holes and gutters in the highway were of recent date (*Bates v. Sharon*, 45 Vt. 474); whether there was time enough for A to go out of the way before B. rushed upon him (*Stewart v. State*, 19 Ohio St. 305); whether effluvia proceeding from a certain source would render a dwelling uncomfortable (*Kearney v. Farrell*, 28 Conn. 319); whether a roadway was wide enough to permit two wagons to pass each other (*Fulsome v. Concord*, 46 Vt. 135).   On the principle of these cases, I think that a witness might be permitted to state whether a boy ten years of age could topple over an object which the witness had examined; and as this evidence was very material to the subject matter of the inquiry, I think it was error to exclude it.

VI.   The damages were clearly excessive; but I am not prepared to say that we should be justified in so far opposing our own opinions to that of the jury as to require a *remittitur* as the condition of affirming the judgment on this ground.