## LOUISA BARNES, Respondent, v. CITY OF ST. JOSEPH, Appellant.

**Kansas City Court of Appeals, December 6, 1909.**

1. **MUNICIPAL CORPORATIONS: Defective Streets: Personal Injuries: Remarks of Counsel.** Remarks of counsel in the argument to the jury which go beyond the limits of forensic debate, or the mere venting of epithets and partakes of the character of a statement of facts that were not in evidence, are prejudicial and constitute grounds for reversal.

2. ——: ——: ——: **New Trial.** Where a new trial is sought upon the ground that perjury or mistake has been committed by a witness, the matter must be included in a motion for a new trial and urged before the trial court. It cannot be raised for the first time in this court.

Appeal from Buchanan Circuit Court.—*Hon. Lucian J. Eastin*, Judge.

REVERSED AND REMANDED.

*W B. Norris* and *O. E. Shultz* for appellant.

(1) Defendant is entitled to a new trial by reason of the misconduct of plaintiff's counsel in his argument to the jury. Norton v. Railway, 40 Mo. App. 647; McDonald & Co. v. Cash & Hainds, 45 Mo. App. 79; Haynes v. Trenton, 108 Mo. 133; Ritter v. Bank, 87 Mo. 576; Marble v. Walters, 19 Mo. App. 134; Gibson v. Ziebig, 24 Mo. App. 67. (2) The physician who testified on behalf of plaintiff, wilfully misrepresented the physical condition of the plaintiff as the result of the fall complained of, and the defendant is entitled to a new trial because the minds of the jury were prejudiced by reason of such statement. R. S. 1899, section 800; Rickwood v. Martin, 43 Mo. App. 604. (3) Defendant is entitled to a new trial for the reason that the verdict of the jury

was excessive and the result of passion and prejudice. Empey v. Cable Co., 45 Mo. App. 422; Sawyer v. Railway, 37 Mo. 264; Devoy v. Transit Co., 192 Mo. 221; Taylor v. Railway, 185 Mo. 257.

*Frank H. Miller* and *Charles C. Crow* for respondent.

(1) This court will not reverse a case for alleged misconduct of counsel, unless the lower court has abused its discretion; the alleged misconduct was prejudicial to the adverse party; the remarks made by counsel in this case under the circumstances could not be prejudicial. Obuchun v. Boyd, 92 Mo. App. 419; Locher v. Kuechenmeister, 120 Mo. App. 725; West v. Railroad, 187 Mo. 351. (2) Dr. C. R. Woodson stated that it was possible for the injury to occur as detailed by attorneys for appellant, and even though it may look incredible to counsel on the other side, this court will defer to the judgment of the trial court, who, as usual, ignored the testimony of the three persons relied on by appellant. If appellants had stated the facts as testified to by Dr. Senn, Dr. Woodson would have concurred. Morelock v. Railroad, 112 Mo. App. 640. (3) The objection of Mr. Shultz, made at the time of the alleged remarks of counsel, is as follows: "I wish to object to Mr. Crow's argument that the jury should assess a penalty in this case for non-performance of duty." This objection could only apply to the following language used by Mr. Crow: "Gentlemen of the jury, I want to ask you to return a verdict for the plaintiff in this case, and to return such a verdict as will not only compensate her, but one that will be a warning to the bunch down there to repair the streets." The other remarks alleged to have been made by Mr. Crow were not objected to, therefore, are not before this court. Eppstein v. Railroad, 197 Mo. 738. (4) In addition to this, all the remarks were justifiable criticisms of defendant, its agents, officers, and employees, at least not such remarks

as will justify a reversal.   Franklin v. Railroad, 188 Mo. 534.

BROADDUS, J.—This suit is to recover damages for personal injuries plaintiff claims to have sustained by reason of the unsafe condition of one of the city's streets.

The place of injury was on what was known as Highly Street where it intersects with an alley.   From the end of the sidewalk the crossing over the alley had not been improved by pavement or otherwise.   A part of the soil had washed out which left the surface in a slanting condition from seven to fifteen inches lower than the end of the sidewalk.   The evidence went to show that in rainy weather one stepping from the sidewalk down into the alley would be liable to slip and fall owing to it being wet and slanting.   On the night that plaintiff was injured, she in the company of her daughter, was passing over the sidewalk and when she came to the alley she stepped down, slipped and fell, and was injured.   At the time it was raining and the earth in the alley was soft and muddy.   Plaintiff was helped up by her daughter and by the aid of her assistance she was enabled to walk about one block to the house of another daughter.   She testified that she suffered greatly and was still suffering at the time of the trial.   The injury was received on the 19th day of October, 1908, and the trial was on the 26th day of February, next following. She was confined to her bed for four weeks.   At the end of seven weeks in company of one of her daughters, she walked to a street car three or four blocks distant and from there on a car to her own home in the city.   At the trial she testified as follows: "My health has been very poor as I have been ailing in different ways.   Some days I feel some better and other days I am not able to be out at all."

Dr. Senn who was a witness at the trial testified: That he was called to treat plaintiff a short time after

she was injured and treated her from that time on. As to the extent of her injuries his evidence was as follows: "Well, one of the small bones that compose the spinal column, and there is a sort of spine which projects from the back part of it which can be easily noticed on looking at a person's back, and that was displaced to one side, oh, something like three-fourths of an inch. It could be easily seen . . . and I managed to. replace these vertebra so. that the row of spines are perfectly straight. She complained of a great deal of pain at the time, and I thought it best to attend to it at once. Upon reducing that there was a little redness there but not much; there was a great deal of pain in touching it and I examined for a fracture, but there didn't seem to be any fracture of the bones, just a dislocation,—" etc. He stated that he found one of her kidneys slightly displaced which he replaced; and that aside from what he had stated to be her condition and general depression and nervous shock he detected no other injuries.

The defendant introduced several other doctors, who testified that the displacement of the vertebra mentioned by Dr. Senn could not have occurred as stated by Doctor Senn without producing a fracture and at least a partial severance of the spinal cord; that owing to the manner in which the different bones of the column are knitted together it was impossible that one could be thrown out of line three-fourths of an inch, without making a fracture and a rupture of the muscles around it. We understand that is what the medical authorities say. But Dr. Senn said that they were in error as to that matter. He further testified that at the time she suffered from partial paralysis of both legs.

Mr. Crow in closing the argument to the jury said: "Any sum which you may render in favor of this plaintiff against the City of St. Joseph, will not cost you gentlemen who are taxpayers, one cent. The city now taxes you every cent the constitution will permit and it cannot tax you any more, no matter how great the judg-

ments be against the city. The city officials instead of using this money for the purpose of improving the streets and keeping them in repair as the law intended they should do, spend it extravagantly in increasing their salaries and in creating new offices. Gentlemen of the jury I want to ask you to return a verdict for the plaintiff in this case and to return such a verdict as will not only compensate her, but one that will be a warning to the bunch down there to repair the streets."

The defendant's attorney said: "I wish to object to Mr. Crow's argument that the jury should assess a penalty in this case for non-performance of duty." The objection was overruled, and defendant excepted.

There was a verdict and judgment for $3,000 and defendant appealed.

The first contention of appellant is that Dr. Senn, "who testified on behalf of the plaintiff wilfully misrepresented the physical condition of plaintiff as the result of the fall complained of and defendant is entitled to a new trial because the minds of the jury were prejudiced by reason of such statements."

Section 800, Revised Statutes 1899, provides that a new trial shall be granted by the court when it is satisfied that perjury or mistake has been committed by a witness and also satisfied that an improper verdict or finding was occasioned thereby. We fail to see that defendant in its motion for a new trial called the attention of the court to the question. The matter should have been urged before the trial court and given it the opportunity to say whether Doctor Senn had been guilty of perjury, which the charge amounts to. That court was in a much better position to sift the matter than we are. The matter cannot be heard for the first time in this court.

The only remaining question of importance in the case is the alleged misconduct of the plaintiff's counsel in his closing argument. Respondent contends that the defendant's objection is only to the last sentence of his

statement and that was legitimate and proper. It is true if considered without reference to what had been said immediately preceding and in connection with it, was not such as to challenge serious criticism.

We are of the opinion that the objection was not aimed alone at the mere statement that the jury should assess a penalty for a non-performance of duty upon the part of the defendant, but it went to the argument that led up to the final statement which included the preceding alleged objectional language. The court in overruling the objection in effect gave sanction to the remarks. It is held that: "Where counsel have attempted to make a case in their argument to the jury which the law would not allow them to make in their tenders of evidence, our courts have always ruled that such conduct, if objected to at the time and allowed to pass unrebuked, is ground for a new trial." [Gibson v. Zeibig, 24 Mo. App. l. c. 69; Norton v. Railway, 40 Mo. App. 642.]

In a case where a party had obtained a change of venue to another county the defendant's counsel at the trial stated that: "they (plaintiff) come here to this court away from Linn County, at their own instance and dare not try such a case before twelve men of Linn County. They had to swear on oath that they could not do that." Objection was made to the remarks which were unrebuked by the court. This court refused to approve of the conduct of the party and held that it was good ground for granting a new trial. [McDonald & Co. v. Cash & Hainds, 45 Mo. App. l. c. 79.] Where counsel for the prevailing party made remarks in regard to extraneous evidence, the court holds that such are inexcusable. [Haynes v. The Town of Trenton, 108 Mo. 123.]

Respondent's counsel contends that said remarks could not have been prejudicial, and cited the following authorities.

Where plaintiff's attorney in a case of a passenger against a railroad for personal injury in his remarks to the jury stated, "that defendant's servants would have handled a carload of steers with more care than they did this plaintiff. Held not beyond the limit of forensic debate." [West v. Railroad, 187 Mo. l. c. 357.] "A misstatement by an attorney in his argument to the jury of a material fact is ground for reversal of a judgment in his favor; but when the remarks complained of do not amount to a misstatement of the material facts, but rather the venting of offensive epithets, it is not ordinarily a ground for reversal, but should be corrected by the trial court as a breach of decorum and an offense against the dignity of the court." [Granklin v. Railroad, 188 Mo. l. c. 545.]

We are of the opinion that the remarks of the counsel was not the mere venting of epithets, or within the limits of forensic debate. While they partake of that character in some respects they contain also statements of facts. To tell the jury as taxpayers that no sum for which they might render a verdict would cost them nothing as no more taxes could be levied under the constitution as the limit in that respect had been reached; and that money raised by taxation had been expended in the increase of the salaries of its officers and by the creation of new offices were statement of facts, that were not admitted in evidence and if they had been admitted would have been prejudicial error of the most aggravating character. And they were certainly calculated to arouse the prejudice of the jurors and create a bias against defendant city, having the approval of the court. While we believe that the jury in any event would have been justifiable in returning a verdict in plaintiff's favor, yet the remarks may have had much influence on their minds in arriving at the extent of such verdict. For this error the cause is reversed and remanded. All concur.