**ST. LOUIS HOUSING AUTHORITY,**
(Plaintiff) Respondent,

v.

Aaron **BARNES** et al. (Parcel No. 223—Albert Fein and Edna Oxenhandler, Administrators), (Defendants) Appellants.

No. 49939.

Supreme Court of Missouri,

Division No. 1.

Jan. 13, 1964.

Rehearing Denied Feb. 10, 1964.

Newmark & Baris, Irl B. Baris, St. Louis, for appellants.

Irvin Dagen, Edward C. Cody, St. Louis, for respondent.

WELBORN, Commissioner.

The St. Louis Housing Authority, a municipal corporation organized and operated under Sections 99.010–99.230, RSMo 1959, V.A.M.S., filed suit in the St. Louis Circuit Court on October 31, 1960 to condemn (Section 99.120, RSMo 1959, V.A.M.S.) property in the City of St. Louis upon which it proposed to construct a low-rent housing project. Among the tracts sought to be condemned was Parcel 223, a lot known as 3402 Bell Avenue, with improvements thereon consisting of a brick dwelling. Condemnation was ordered on January 13, 1961. On July 6, 1961, the commissioners returned their award for Parcel 223 in the amount of $4,500. On July 14, 1961, the condemnor deposited the amount of the award into the registry of the court and filed exceptions to the award for Parcel 223.

The exceptions were heard by a jury on May 2, 1962. At the trial the appellants here, as administrators c. t. a. of the estate of Isadore Fein, sought to uphold the commissioners' award. Fein was the record owner of the property on July 14, 1961. He died thereafter. The appellants' expert witness, Mr. Sam Michelson, testified that the value of the property as of July 14, 1961 was $4,165. The witness had not personally examined the property since Octo-ber or November, 1960, near the time of the filing of the petition in condemnation. An offer of proof to show by the witness that the value of the property at that time was $4,800 was rejected by the court for the reason that value was required to be shown as of July 14, 1961, the date of the payment of the award into court. The witness' testimony as to the value of the property on the latter date was based upon the testimony of Albert Fein that, except for the removal of the fire escape from the rear of the house, the condition of the property was essentially unchanged from November, 1960 to July, 1961. An offer of proof on behalf of the appellants was made that the witness Michelson would testify that it is his opinion "based upon his experience in condemnation matters that once an area has been marked for condemnation, property deteriorates because of the nature of the neighborhood and because of the fact vandalism takes place in those neighborhoods and the value of the property is greater at the time of the initial announcement and the commencement of proceeding for condemnation than that value at the time of the payment of the award in court." Objection to the offer of proof was sustained. An offer of proof was also made and rejected to show by the witness Fein that he had been unable to rent the house at 3402 Bell because of the commencement by respondent of plans for the housing project and the condemnation action.

Respondent's expert witness testified that the value of the property as of July 14, 1961 was $1,600. The jury found the fair market value of the property as of that date to be $2,200. After their motion for new trial had been overruled, appellants appealed to this court. In their jurisdictional statement, appellants assert that "in their Motion for New Trial, (they) have charged that the procedure in the trial court with respect to the method and date of determining just compensation to be awarded for the condemned property violated Section 26 of Article I of the Constitution of the State of Missouri and the Fourteenth Amendment to

the Constitution of the United States." The only possible constitutional question raised by the points relied upon in appellants' brief relates to alleged error on the part of the trial court in "limiting the evidence and instructing as to valuation of the property as of July 14, 1961, the date on which the plaintiff paid the amount of the commissioners' award into court." The appellants assert that they "should have been permitted to introduce evidence as to the depreciative effect of the condemnation proceedings on the value of the property, and the court should have instructed the jury to consider this factor in determining just compensation under the Constitution of Missouri." In neither their statement of this point nor in the authorities cited in support thereof nor in their argument, have appellants relied upon the 14th Amendment to the Constitution of the United States, as mentioned in their jurisdictional statement. Therefore, objection upon the basis of that constitutional provision is not preserved (Crampton v. Osborn, 356 Mo. 125, 201 S. W.2d 336, 339, 172 A.L.R. 344). The constitutional question arises solely under the Constitution of Missouri. Inasmuch as the precise point raised here has not been decided by this court, we do have jurisdiction of the appeal. We conclude, however, that the objection raised is without merit.

In City of St. Louis v. International Harvester Company, Mo.Sup., 350 S.W.2d 782, decided November 13, 1961, the court en banc pointed out that, under Section 26 of Article I of the Constitution of Missouri 1945, just compensation for the taking of private property is the fair market value of the property taken at the time of taking. The court held that the time of taking is the date upon which the amount of the commissioners' award is paid into court because that is the time at which the condemnor obtains the rights of ownership of the property. See also City of St. Louis v. Vasquez, Mo.Sup., 341 S.W.2d 839. The International Harvester and Vasquez cases dispose of appellants' constitutional objection that their damages should have been

assessed as of the date of the condemnation proceeding.

As for the offer of proof to show deterioration of the value of the property as the result of the announcement of the proposed housing project and the institution of the condemnation action, the appellants' theory is set out in their proffered instruction which the court rejected and which read as follows:

"The Court instructs the jury that you are to assess damages in favor of the defendants as of the time of the taking or appropriation by the plaintiff St. Louis Housing Authority, and you may also take into consideration any damages caused to defendant's property as a result of the institution of the condemnation proceedings, either by the actual filing of the condemnation petition or by the announcement of plans for condemnation and the effect of such announcement on the value of such property if you find that such announcement, if any, caused the property to change in value."

The Supreme Court En Banc, in the case of State ex rel. City of St. Louis v. Beck, 333 Mo. 1118, 63 S.W.2d 814, 92 A.L.R. 373, held that damages alleged to have been suffered by a property owner as the result of pendency of condemnation proceedings could not be recovered as an element of damage for the taking in condemnation. The court stated (63 S.W.2d 817):

"We do not undertake to decide if the realty company is entitled to any damages on account of the pendency or delay of the condemnation proceeding itself, and if there is any damage on account of such proceedings, it is of a personal character, as distinguished from any damage to the property itself, and is not an element to be considered by the commissioners in assessing benefits and damages in this proceeding."

The principle of that case is determinative here. In this case, damages for the taking are in accordance with City of St. Louis v. International Harvester Company, supra, to be assessed as of the date of the taking, July 14, 1961, the date of payment of the commissioners' award. If the appellants suffered damages for which the respondent is liable by reason of the condemnation action, such damages are not part of the damages for the taking and, under the Beck decision, are not an item of just compensation within the meaning of Section 26 of Article I of the Constitution of Missouri, 1945. See also Chicago Housing Authority v. Lamar, et al., 21 Ill.2d 362, 172 N.E.2d 790; A. Gettelman Brewing Co. v. City of Milwaukee, 245 Wis. 9, 13 N.W.2d 541.

■ Appellants allege error in the argument of respondent's counsel to the jury in which he stated: "The Authority feels that it's using taxpayers' money. It feels that when it does that, it must pay no more than what the property is worth at that time." Appellants' counsel made a general objection, accompanied by a request to make a statement. Without waiting for elaboration by appellants' counsel on his objection, the court stated: "Objection sustained to any reference to taxpayers' money. It will be stricken and the jury is instructed not to take or consider that in any decision they return in this court." Appellants' counsel then moved for a mistrial which was denied. Such denial is assigned as error.

■ In view of the prompt action of the court in sustaining the objection to the argument, we cannot say that the court's refusal to grant a mistrial was erroneous. The determination of such matters is largely for the trial court. We cannot say here that the court's ruling was an abuse of the discretion which it possesses. City of St. Louis v. Vasquez, Mo.Sup., 341 S.W.2d 839, 852; Cordray v. City of Brookfield, Mo.Sup., 88 S.W.2d 161, 165.

In the cases of Barnes v. City of St. Joseph, 139 Mo.App. 545, 123 S.W. 541, and Huggins v. City of Hannibal, Mo.App., 280 S.W. 74, cited by the appellants, in which arguments with reference to taxpayers' money were held prejudicially erroneous, the trial court had overruled objections to such arguments. Here the objection was promptly sustained and the jury instructed to disregard the statement. In Jones v. City of Kansas City, Mo., 76 S.W.2d 340, also cited by the appellants, the trial court granted a new trial on the basis of error in argument along such lines. The appellate court, in declining to reverse the order for a new trial, merely acceded to the trial court's discretion on the question.

Appellants' final allegations of error relate to the return to respondent of the difference between the commissioners' award and the jury's verdict and the overruling of their motion to dismiss respondent's objections to the commissioners' award. By memorandum filed on the day of the trial, the death of Isadore Fein, a party defendant in the condemnation proceeding, was suggested and the appellants as administrators of his estate entered their appearance. On July 2, 1962, while their motion for new trial was still pending, appellants filed a motion to dismiss respondent's exceptions and for an order that the sum of $4,500 on deposit with the clerk of the court be delivered to them as co-administrators. The motion alleged that Isadore Fein had died on July 28, 1961; that appellants had been appointed administrators c. t. a. on August 24, 1961; that the first notice of issuance of letters was published on August 29, 1961, and that respondent had failed to file notice of its claim within nine months thereafter. At a hearing on the motion, it was shown that no claim or notice had been filed by the respondent in the probate proceedings. The trial court, on July 30, 1962, denied the appellants' motion for dismissal of the exceptions, overruled the motion for new trial and ordered $2,300 of the amount deposited in payment of the commissioners' award paid over to respondent without interest. On August 16, 1962, after appellants' Notice of Appeal had been filed on August 9, respondent suggested to the court

that no supersedeas bond had been filed by appellants in connection with the appeal. The court ordered that, since no order of distribution to the appellants had been entered as to the $2,300 item, the clerk pay the sum of $2,300 to respondent.

██ Appellants here contend that, inasmuch as they are administrators, they were not required, as a condition for suspension of the court's judgment, to file a bond, citing Section 512.080, RSMo 1959, V.A.M.S., and Civil Rule 82.09, V.A.M.R. They also contend that the trial court should have sustained their motion to dismiss respondent's exceptions for failure to comply with Sections 473.360 and 473.363, RSMo 1959, V.A.M.S., the provisions of the probate code relating to the filing of claims and notice of actions pending against a person at the time of death. Inasmuch as the question of the alleged premature payment to respondent would be relevant only if the latter proposition of appellants has merit, we turn to that. It is conceded that respondent took no action under the probate code with respect to the condemnation action pending against Isadore Fein at the time of his death. We are of the opinion, however, that such failure did not call for the dismissal of respondent's exceptions to the commissioners' report. Section 473.360 provides, in part:

"2. Unless written notice of actions instituted or revived under sections 473.363 or 473.367 is filed in the probate court within nine months after the first published notice of letters, no recovery may be had in any such action on any judgment therein against the executor or administrator out of any assets being administered upon in the probate court or from any distributee or other person receiving such assets."

██ The payment to respondent was not a recovery on a "judgment" within the meaning of Section 473.360, supra. In State ex rel. State Highway Commission v. Paul, Mo.Sup., 368 S.W.2d 419, the court considered the liability of the condemnee

for interest under Section 523.045, RSMo 1959, V.A.M.S., on the difference between the commissioners' award and the smaller jury verdict where the condemnee had not withdrawn an amount in excess of the jury's verdict. In considering Section 523.-045, supra, which appellants here point to as requiring a "judgment" to be entered in favor of respondent before it was entitled to the return of the excess above the jury's verdict, the court stated (368 S.W.2d 424):

"Where the condemnee has not withdrawn the award, a judgment with its attribute of execution is not necessary to return the fund, or a part of it, to the condemnor. Where the money is in the registry of the court, all that is needed is a court order for the clerk to release and deliver the proper amount to the condemnor in accordance with the verdict of the jury. The words, 'judgment', 'payment', and 'repay', as used in the statute, indicate a debt and the relation of debtor and creditor. This fits in with the situation where the landowner has actually received the amount of the commissioners' award, but it is at variance with the legal situation existing where the award remains in the registry of the court subject to its being distributed in accordance with the verdict of the jury."

Although they had the right to withdraw the amount of the commissioners' award, appellants had not done so and the fund remained on deposit in the registry of the court. Disbursement therefrom to the condemnor would not, under the circumstances of this case, require a judgment.

██ Furthermore, the condemnation damages could not have been an asset "being administered upon in the probate court," within the meaning of Section 473.-360, until the administrators exercised their right to draw down the amount deposited. Until they did so, it remained a fund in litigation, under control of the circuit court.

Therefore, Section 473.360, relied upon by appellants, is inapplicable and the trial

**150**

court properly overruled the motion to dismiss the exceptions. Inasmuch as the issue of premature return of the excess would be significant only if the nonclaim statute were applicable, we need not pass upon the appellants' contentions in this regard.

The judgment of the circuit court is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.