STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Appellant,

v.

Carl Buell HARRIS et al., Exceptions of
Bert Shelton, John Fuller, and Opal
Fuller, Defendants-Respondents.

No. 8575.

Springfield Court of Appeals.

Missouri.

May 17, 1967.

Rehearing Denied June 9, 1967.

Application to Transfer Denied
July 10, 1967.

Robert L. Hyder, Jefferson City, George Q. Dawes, Sikeston, for plaintiff-appellant.

McHaney & Welman, Kennett, for defendant-respondent. W. C. McHaney, executor of Estate of Bert Shelton, deceased.

TITUS, Judge.

The petition of plaintiff-appellant was filed in the Circuit Court of Dunklin County to condemn the interests and rights of

Bert Shelton et al. in certain lands for a limited access highway. Condemnation was adjudged and the sufficiency thereof is not questioned. The commissioners' award of $17,000 was paid to Bert Shelton on September 12, 1963. Exceptions filed by both sides have never been tried. Bert Shelton died August 4, 1964, and W. C. McHaney was appointed executor on August 17, 1964. Publication of Notice of Letters Testamentary Granted was commenced August 18, 1964, and completed September 8, 1964. The executor was never substituted as a party to the cause in the circuit court and hence no written notice of revival of the action was ever filed in the probate court. Likewise, no claim against the estate has been made. On December 3, 1965, the executor dismissed Bert Shelton's exceptions and moved for dismissal of plaintiff's exceptions to the commissioners' award. The motion was sustained April 25, 1966, for plaintiff's "failure to comply with Non-Claim Statute," and plaintiff appealed.[1]

■ Eminent domain proceedings are in rem (Millhouse v. Drainage Dist. No. 48 of Dunklin County, Mo.App., 304 S.W. 2d 54, 58 [3]), but after a judgment of condemnation has been entered and payment of the commissioners' award has been effected, the issues to be tried on exceptions are simply those of damages.[2] The condemnor acquires the interest in the land condemned when it pays the award of the commissioners,[3] and thereafter "the law is settled that the title to real estate is not involved." City of St. Louis v. Franklin Bank, Mo., 98 S.W.2d 534(2); Kansas City v. Cain, Mo., 317 S.W.2d 331, 334(4). No disputed amount appears here of record and would not be ascertainable until the conclusion of a proceeding not had. The mere chance such an amount might exceed $15,-000 would not lodge an appeal in the Supreme Court. Consequently, we have jurisdiction.[4]

■ The aggrievance encountered by a condemnor upon dismissal of the exceptions is the loss at a chance of obtaining a verdict or amount for a sum less than the commissioners' award and thereby secure a judgment permitting recoupment of a part of the money previously paid plus interest.

1. V.A.M.R. 52.12: "(a) If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties * * *. (c) If the death occurs prior to final judgment and before appeal and substitution or motion therefor is not made within nine months after the first published notice of letters testamentary * * * the action shall be dismissed as to the deceased party * * *." V.A.M.S. § 507.100, subd. 1(1) and subd. 1(3).
V.A.M.S. § 473.360: "1. Except as provided in sections 473.367 and 473.370, all claims against the estate of a deceased person [other than exceptions inapplicable here], whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probate court within nine months after the first published notice of letters testamentary * * * are forever barred against the estate, the executor or administrator, the heirs, devisees and legatees of the decedent * * *. 2. Unless written notice of actions instituted or revived under sections 473.363 or 473.367 is filed in the probate court within nine months after the first published notice of letters, no recovery may be had in any such action on any judgment therein against the executor or administrator out of any assets being administered upon in the probate court or from any distributee or other person receiving such assets."

2. V.A.M.R. 86.06; V.A.M.R. 86.08; V.A.M.S. § 523.050; City of Jefferson v. Capital City Oil Co., Mo.App., 286 S.W. 2d 65, 69(5); City of St. Louis v. Essex Inv. Co., 356 Mo. 1028, 204 S.W.2d 726, 728(2); State ex rel. State Highway Commission v. Day, 327 Mo. 122, 35 S.W. 2d 37, 38(2).

3. V.A.M.R. 86.06; V.A.M.S. § 523.040; St. Louis Housing Authority v. Barnes, Mo., 375 S.W.2d 144, 147(4); V.A.M.S. Const. art. I, § 26.

4. Holland v. City of St. Louis, Mo., 262 S. W.2d 1, 4(7); V.A.M.S. Const. art. V, §§ 3 and 13; V.A.M.S. § 477.040.

When the commissioners' award has been paid to the condemnee and "the amount of the award shall be superseded by a subsequent verdict or amount smaller than the award paid, then judgment shall be entered against said persons named to repay to condemnor the amount by which the award paid exceeds the amount of the verdict, with six per cent interest on such excess payment from the date of the payment of the award." V.A.M.S. § 523.045.

 Taking by condemnation is simply an involuntary sale of the property where the interest "sold" is fully acquired by the condemnor when the amount of the commissioners' award is paid to the owner or into court for him. State ex rel. State Highway Commission v. Houchens, Mo. App., 235 S.W.2d 97, 101(2). When land is taken or injured during the lifetime of the owner "the right to the compensation is not considered an incident to the real estate" (Nichols on Eminent Domain, Vol. 2, § 5.5[2], p. 95) but is treated as personal property of the condemnee. In re Jamaica Bay, 252 App.Div. 103, 297 N.Y.S. 415, 417–418(1); Hawthorne v. Hawthorne, 208 N.Y.S.2d 79, 81. Upon the death of the condemnee "the right to the compensation passes to his executor or administrator, and this right of the personal representative continues until distribution of the estate has been made." 29A C.J.S. Eminent Domain § 203, p. 913. Westhues, C. J., in State ex rel. State Highway Commission v. Paul, Mo. (Banc.) 368 S.W.2d 419, 425 (who dissented for other cause), said: "The condemnee, and only the condemnee, has the only control over the fund. He may withdraw it and do with it as he pleases. If he spends it or loses it in a poor investment, he has not thereby breached any obligation to the condemnor or anyone else." The majority opinion, l. c. 424(14), noted, "The words, 'judgment,' 'payment', and 'repay', as used in the statute [§ 523.045] indicate a debt and the relation of debtor and creditor. This fits in with the situation where the landowner

has actually received the amount of the commissioners' award." It seems of little significance whether a condemnation proceeding be viewed as one in rem throughout as urged by appellant or changes into an in personam action after transfer of and payment for the interest condemned as suggested in State ex rel. State Highway Commission v. Brown, 231 Mo.App. 56, 95 S.W.2d 661, for if the satisfied award is later determined to be an overpayment, condemnor's only remedy in the case is a "judgment * * * against said persons named." V.A.M.S. § 523.045, supra.

 Quoting from its brief: "It is conceded by Appellant that the money paid to the deceased cannot be reached, if a refund is adjudged, without a revival within the statutory period naming the executor as a defendant, but it is Appellant's contention that it may satisfy a refund adjudged from the remainder of the land, a part of which has been appropriated in condemnation." Allegedly apropos the last half of this statement, appellant teds many pithy pronouncements of abstract law among its points and arguments but fails, so far as can be discovered, to bale them into recognizable authority for its assertion. We are nowhere advised how the trial court could acquire jurisdiction over real estate not directly and specifically included in the eminent domain action. While it is true, as appellant suggests, one who obtains an interest in land from a condemnee after commencement of a condemnation proceeding takes title subject to the outcome of such action (Millhouse v. Drainage Dist. No. 48 of Dunklin County, supra, 304 S.W.2d at 58[4]), nevertheless, the doctrine of lis pendens applies only to the property which is described in and which is the specific subject matter of the litigation and does not affect other real estate owned by the condemnee. 54 C.J.S. Lis Pendens § 6, p. 575; see discussion in Missouri State Life Insurance Co. v. Russ, Mo., 214 S.W. 860, 863–865. Appellant directs us to no opinion or law that entitles it to a lien,

right or interest in any lands once owned by decedent not subject to the condemnation. "The fact is there is not a decision in the books which holds that a claimant against an estate has a contingent or equitable interest in the real estate owned by a deceased at the time of his death." Winn v. Maddox, Mo.App., 263 S.W.2d 470, 472.

 Subject to the time limitations and formalities prescribed by statute (V.A. M.S. § 473.360 et seq.), demands against estates are perfected through claims filed and allowed in the probate court or by there filing judgments of other courts of record. Whether the demand be a direct claim allowed or a judgment, all are assigned to the applicable statutory category by the probate court and satisfied in the order thus classified. At the death of a person all claimants, including judgment creditors, are relegated to the procedure prescribed by the probate code for the collection of claims. Although V.A.M.S. § 511.350 renders judgments and decrees of courts of record (except those rendered by magistrate courts) "lien[s] on the real estate of the person against whom they are rendered," this applies only "to judgments in personam against a living person and judgments allowing [or effective as] demands against an estate of a deceased person do not and could not come within the purview thereof." Wahl v. Murphy, Mo., 99 S.W.2d 32, 36; Winn v. Maddox, supra, 263 S.W.2d at 472(3–6).

 Respondent truthfully says, "It is always difficult to prove a negative," and as appellant gives us no clue to its claim, we are not obliged to assume the insurmountable task of intoning every statute and reported case to demonstrate their inapplicability. When the amount of the commissioners' award was paid to decedent the sum lost its identity as a fund in litigation under control of the circuit court and upon the death of condemnee it was necessary to substitute the executor to keep alive the condemnor's chance at a refund. The action was rightly dismissed as to decedent

and appellant admittedly is too late to substitute the executor, which was necessary in this case. Cf., St. Louis Housing Authority v. Barnes, supra, 375 S.W.2d 144, at 149–150 (10–12). Two antagonists, at a minimum, are necessary to wrestle an adversary proceeding to a judgment. By removing one and the attached issues, the lone remaining party becomes as an unhorsed Don Quixote jousting injusticiable windmills. There is no res or person remaining in the action (in so far as it once concerned Bert Shelton) against which or whom any judgment could be entered. We hasten, however, to note the obvious, i. e., our ruling and that of the trial court affects only the exceptions specifically relating to Bert Shelton and in no way concerns any exceptions applicable to other parties in the cause.

The judgment of the trial court was proper and is affirmed.

STONE, P. J., and HOGAN, J., concur.