STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Respondent,

v.

Earl ANDERSON et al., On Exceptions of
R. J. Eidson, Inc., Defendants,
R. J. Eidson, Inc., a corporation,
Defendant-Appellant.

No. 34075.

Missouri Court of Appeals,
St. Louis District.

Oct. 3, 1972.

Gregory F. Hoffmann, Thomas H. Pearson, Kirkwood, Robert L. Hyder, Chief Counsel, Jefferson City, for plaintiff-respondent.

Roberts & Roberts, Farmington, for defendant-appellant.

SMITH, Judge.

This is a condemnation case which resulted in a judgment after jury verdict of $5,000. The landowner appeals.

The only point raised here is that the court erred in excluding landowner's evidence that the respondent's agent had caused the landowner to leave the building vacant prior to condemnation resulting in deterioration of the structure and therefore reduction in value. It was contended that the agent's statements were an admission against interest and constituted an agreement that some other date would be used to determine the value of the building other than the date of condemnation.

The condemnation petition was filed in February, 1967, and sought to condemn appellant's entire tract—a triangular piece of property fronting on the main street of Ironton. The exact size of the parcel was the subject of much dispute at the trial, but it was not large. Appellant had purchased it in 1960 for $10,000. Upon the land was a stone building three stories in height. Prior to 1964 it had been divided into six apartments which were rented. In 1964, the roof commenced leaking and the upper floor tenants moved out. Appellant then requested the remaining tenants to move out and contacted a contractor to repair the roof and make additional repairs. After receiving the bid for the work, but before commencement of the work, meetings were held in Ironton by the representative of the State Highway Commission to explain plans for a change in Highway 21. Appellant sought to prove that he was told by this representative not to make any repairs on or improvements to the building. Appellant further sought to show that the representative told him the property would be valued as it was at that time rather than as it was at the time of the taking. Appellant contends that as a result of these representations he made no repairs, the building remained vacant, deteriorated, and was vandalized. The various witnesses who testified as to value all recognized the deteriorated condition of the premises and took it into account in evaluating appellant's damages from the taking.

Underlying appellant's specific complaint here is a vexing problem, the solution to which has never been made clear by our appellate courts. That is, what recourse, if any, is available to a landowner where damage to, or decrease in value of, his property occurs directly as a result of the anticipated condemnation of the property but occurs prior to the actual taking? But that problem and its solution are not presented in this case. It is clear from Land Clearance for Redevelopment Authority of City of St. Louis v. Morrison, Mo., 457 S.W.2d 185, and St. Louis Housing Authority v. Barnes, Mo., 375 S.W.2d 144, that whatever other remedy may be available, the determination of the value of the condemned property is made in the *condemnation* proceeding as of the date of the taking. Appellant here did not attempt to interpose a counterclaim to recover pre-taking damages as was attempted in *Morrison*. Nor did appellant seek to introduce this evidence as an explanation of the vacancy and condition of the building in support of a capitalization of rental income method of establishing damages. Under such a method the introduction of testimony explaining the reason for vacancy and poor condition of the property was approved in *Morrison*. Nor did appellant seek to establish that an abnormal market

existed as a predicate to the testimony refused admission, as was done in *Morrison*.

 The determination of the damage to the landowner in a condemnation case is made as of the date of taking. That date is when the appraiser's award is paid into court because that is when the condemning authority obtains the rights of ownership to the property. See St. Louis Housing Authority v. Barnes, *supra* [3–5]. Only this date is of importance in assessment of the damages. What the property was worth at some earlier time when in a different condition is not material to the determination of damages at the time of taking except to the extent it might bear on present value.

In Hamer v. State Highway Commission, Mo., 304 S.W.2d 869, the Supreme Court held that advance notice of a proposed condemnation by the highway commission, change of plans by the landowner because of knowledge of the proposed condemnation, and subsequent abandonment of the project by the highway commission did not constitute a constitutional taking of the land. Landowner was denied relief under his condemnation theory in such a situation. In support of this conclusion the court pointed out that the voluntary acts of a landowner in making changes in his premises in anticipation of condemnation are made at the risk of the landowner.

In determining the recipe for the gander's sauce the Springfield Court of Appeals in State ex rel. State Highway Commission of Missouri v. Fenix, Mo.App., 311 S.W.2d 61, held that defendant landowners had no legal right to rely upon the Commission's intention or plan and could recover damages for improvements made after disclosure of the Commission's plans to condemn their land.

 From the foregoing authorities it is apparent that the damages to the landowner are determined as of the date of taking and that those damages in the con-

demnation action itself, can be neither increased nor reduced because of the landowner's acts in reliance upon the plans, intentions or representations of the highway commission. The court below did not err in excluding the evidence of the defendant. We express no opinion as to what, if any, rights appellant might have under a separate cause of action.

Judgment affirmed.

BRADY, C. J., and WEIER and CLEMENS, JJ., concur.